# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH WALKER,**

    Plaintiff,

v.                                              Case No. 20-CV-487

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

On March 26, 2020, Joseph Walker filed a *pro se* complaint against the City of Milwaukee, the Milwaukee Police Department ("MPD"), five individual MPD officers, and several unnamed MPD officers under 42 U.S.C. § 1983. (Docket # 1.) Walker also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Walker is indigent and that his complaint states a claim, his motion will be granted. However, because he sues a non-suable entity under § 1983, Walker will be given leave to amend his complaint.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Walker's motion, he is unemployed, receives $854.00 per month in SSI, and has $30.00 in assets. (Docket # 2 at 1–4.) Walker has $900.00 per month in expenses. (*Id.*) I therefore conclude that he is unable to pay the filing fee and turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Walker is representing himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Walker alleges that on April 5, 2014, a non-emergency call was placed to the MPD from Walker's mother, advising that Walker was distraught and contemplating suicide, and has a history of mental health issues and depression. (Docket # 1 at 15.) Walker alleges that

when officers arrived at Walker's home, they saw that Walker and his mother were outside the house and were no longer in danger. (*Id.*) Walker alleges that he was unarmed and stood on his front porch when confronted by the officers. (*Id.*) Walker alleges that defendant Officer Balbir Mahay began shooting blindly through Walker's door and wall and that Walker was hit. (*Id.* at 16.) Walker alleges that despite informing the officers that he had been shot, the officers grabbed him and dragged him down the front steps instead of tending to his wound. (*Id.*) Walker raises eight causes of action against the defendants under § 1983, including unlawful arrest, unreasonable search, excessive force, and failure to properly train officers. (*Id.* at 17–25.) Walker further alleges that the City of Milwaukee is liable for the officers' actions under Wisconsin law. (*Id.* at 19–20.)

As an initial matter, Walker sues the MPD. The capacity of an entity "to sue or be sued" is determined by state law. Fed. R. Civ. P. 17(b). While a city may be sued pursuant to Wis. Stat. § 62.25, individual agencies and departments may not, including police departments. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999)). Thus, because the police department is an agency of the City of Milwaukee, the MPD is not a proper defendant in this case. As to the remaining defendants, however, Walker's complaint states a claim under § 1983. Walker will be given leave to amend his complaint to remove the MPD as a defendant in this case. Walker has **fourteen (14) days** to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Walker is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect,

withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Walker's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker has **fourteen (14) days** to file an amended complaint consistent with this decision.

Dated at Milwaukee, Wisconsin this 27th day of March, 2020.

BY THE COURT

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge