# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH WALKER,**

    **Plaintiff,**

 v.                                                  Case No. 20-CV-487

**CITY OF MILWAUKEE, et al.,**

    **Defendants.**

## DECISION AND ORDER SCREENING AMENDED COMPLAINT

On March 26, 2020, Joseph Walker filed a *pro se* complaint against the City of Milwaukee, the Milwaukee Police Department ("MPD"), five individual MPD officers, and several unnamed MPD officers under 42 U.S.C. § 1983. (Docket # 1.) Walker also moved for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2.) While I found Walker was unable to pay the filing fee, his complaint sued the MPD, a non-suable entity under § 1983. (Docket # 4.) Walker was given leave to file an amended complaint. (*Id.*) Walker has now filed an amended complaint (Docket # 5), which is ready for screening.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ANALYSIS

Again, I have already determined that Walker is unable to pay the costs of commencing this action; thus, the issue before me is whether Walker's amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Walker alleges that on April 5, 2014, a non-emergency call was placed to the MPD from Walker's mother, advising that Walker was distraught and contemplating suicide, and has a history of mental health issues and depression. (Docket # 5 at 15.) Walker alleges that when officers arrived at Walker's home, they saw that Walker and his mother were outside the house and were no longer in danger. (*Id.*) Walker alleges that he was unarmed and stood on his front porch when confronted by the officers. (*Id.*) Walker alleges that defendant Officer Balbir Mahay began shooting blindly through Walker's door and wall and that Walker was

2

hit. (*Id.* at 16.) Walker alleges that despite informing the officers that he had been shot, the officers grabbed him and dragged him down the front steps instead of tending to his wound. (*Id.*) Walker raises eight causes of action against the defendants under § 1983, including unlawful arrest, unreasonable search, excessive force, and failure to properly train officers. (*Id.* at 17–25.) Walker further alleges that the City of Milwaukee is liable for the officers' actions under Wisconsin law. (*Id.* at 19–20.) Walker no longer sues the MPD.

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I find that Walker's amended complaint states a claim under § 1983. Thus, the defendants will be called upon to answer Walker's amended complaint.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint (Docket # 5) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Walker is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give

Walker information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin this 7th day of April, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge