IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSEPH WALKER,
                Plaintiff,

v.                                                       Case No. 20-cv-487

CITY OF MILWAUKEE,
Police Officer Lisa Purcelli,
Police Officer Tanya Boll,
Police Officer Balbir Mahay,
Police Officer Jeremy Gonzalez,
Police Officer Daniel Clifford.

                Defendants.

---

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

NOW COMES Plaintiff, Joseph Walker, through his attorneys, OVB Law & Consulting, S.C., and hereby alleges as follows:

**PARTIES**

1. Plaintiff, Joseph Walker, at all times material hereto, has been a resident of the City of Milwaukee, State of Wisconsin.

2. Defendant, the City of Milwaukee, at all times relevant, was a municipal corporation, organized and existing under the laws of the State of Wisconsin. The City of Milwaukee's principal office is located at City Hall, 200 East Wells Street, Room 205, Milwaukee, Wisconsin 53202.

3. Defendants, Police Sergeant Tanya Boll, Police Officers Lisa Purcelli, Balbir Mahay, Jeremy Gonzalez, and Daniel Clifford, at all times material hereto, were adult residents of the City of Milwaukee, State of Wisconsin.

1

4. At the time of the incident, Defendants Purcelli, Boll, Mahay, Gonzalez, and Clifford, were employed with the Milwaukee Police Department ("MPD"), employed through Defendant City of Milwaukee.

5. At all times material hereto, the Defendants were acting under color of law, were carrying out their duties as MPD officers, and were acting within the scope of their employment with the City of Milwaukee.

## JURISDICTION AND VENUE

6. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, Section 1983, Jurisdiction of the Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4).

7. The U.S. District Court for the Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391 (b), because it is the judicial district where the constitutional rights of Plaintiff were violated.

## FACTUAL BACKGROUND

8. On April 6, 2014, at approximately 1:00:46 AM, Plaintiff's mother, Luann Will, placed a Non-Emergency call to MPD stating that her son who had taken Ambien was psychotic, had guns in the house, threatened to murder her and himself, and that her twelve-year-old grandson and sleeping husband, were still in the home.

9. In response to Will's Non-Emergency call, seventeen MPD Officers, including Defendants Purcelli, Boll, Mahay, Gonzalez, and Clifford, responded to 2659 South 15th Street, Milwaukee, WI 53215, where Will and Plaintiff both lived.

10. Before making the call, Will told Plaintiff that she was going to Walgreens to get Plaintiff's Ambien prescription and left the residence.

2

Case 2:20-cv-00487-NJ   Filed 09/08/22   Page 2 of 14   Document 45

11. After leaving the residence, Will did not go to Walgreens and instead went to a friend's house nearby, where, unbeknownst to Plaintiff, she placed the above-mentioned Non-Emergency 911 call.

12. At approximately 1:08:30 AM, Will told the MPD Officers on scene that she would return to the residence, but park her vehicle down the block.

13. Upon information and belief, at approximately 1:10 AM, Defendant Boll was dispatched to this assignment at 2659 South 15th Street, Milwaukee, WI 53215, in accordance with MPD protocol, which indicates that when three or more squads are dispatched to an assignment a supervisor must be dispatched to that assignment also.

14. Upon information and belief, for the next approximately 30 minutes, the MPD Officers on scene, mainly under the direction of Defendants Boll and Purcelli, devised a plan to respond to Plaintiff's mental health crisis.

15. Under the plan devised by the MPD Officers, Will was to call Plaintiff and ask him to vacate the residence to retrieve the Ambien that he believed she got from Walgreens.

16. Per the plan, once Plaintiff exited the residence, the MPD Officers planned to take Plaintiff into custody, and upon information and belief transfer him to a mental health facility for treatment. This did not happen.

17. At the instruction of Defendants Purcelli and Boll, Will called Plaintiff from her car parked outside of the residence and instructed Plaintiff to come outside to get the Ambien from her. Plaintiff instead sent his twelve-year-old son outside to retrieve the Ambien.

18. At some point during the encounter, Plaintiff exited the residence onto the porch.

19. When Plaintiff exited the residence and legally stood on his front porch, he was unaware that multiple armed MPD officers, including Defendants Boll, Purcelli, Gonzalez, Mahay, and Clifford, were surrounding his house.

20. As Plaintiff stood on his porch, he was unarmed.

21. As Plaintiff stood on his porch, he was never advised that he had committed any crime or was under arrest by any MPD officer. None of the MPD officers announced themselves.

22. At 1:49:28 AM Defendant Purcelli, through an MPD issued radio, advised the seventeen Police Officers on scene including Defendants Boll, Gonzalez, Mahay, and Clifford, that she believed Plaintiff was armed.

23. At 1:50:09 AM, Defendant Purcelli radioed that Plaintiff was walking down the steps. At 1:50:14 AM, Defendants Boll, Gonzalez, Clifford, and Mahay began firing their service weapons at Plaintiff.

24. Upon information and belief, Defendant Gonzalez fired the first shot.

25. Upon information and belief, Defendants Boll, Mahay, and Clifford fired after hearing Defendant Gonzalez's shot without confirming who fired the first shot.

26. None of the other MPD officers on scene discharged their service weapons at Plaintiff.

27. Caught in the barrage of gunfire were Will and Plaintiff's twelve-year-old son. Will, inside her vehicle, drove away down the street, while an MPD Officer had to grab Plaintiff's twelve-year-old son in an attempt to shield him from the gunfire.

28. When Plaintiff heard the gunshots, he retreated into his residence out of fear for his safety.

29. When Plaintiff heard the gunshots, he still did not know the MPD Officers were there responding to a Non-Emergency 911 call from Will, his mother.

30. Upon information and belief, Plaintiff was shot in the back by a bullet discharged from Defendant Boll's service weapon.

31. Upon impact of the bullet fired from Defendant Boll's service weapon, Plaintiff fell into and through the front door of his residence and later exited, seeking help for his gunshot wound.

32. MPD Officers dragged Plaintiff from his porch to the bottom of his steps.

33. The Plaintiff was then handcuffed and subsequently arrested.

34. During this incident, Defendant Mahay discharged his weapon seven (7) times, Defendant Boll discharged her weapon one (1) time, Defendant Gonzalez discharged his weapon one (1) time, and Defendant Clifford discharged his weapon three (3) times.

35. Upon information and belief, Plaintiff suffered one gunshot wound to his back and was taken to the hospital for medical assistance.

36. Upon information and belief, the MPD Officers never announced their presence to Plaintiff as he stood on the porch or prior to firing their service weapons.

## Count I:
## Title 42, United States Code, Section 1983 Excessive Force against Defendants Boll, Mahay, Clifford, and Gonzalez

37. Plaintiff realleges and incorporates herein by reference paragraphs 1-36 of this Complaint.

38. Under the Fourth Amendment, Plaintiff has the right to be free from unreasonable searches and seizures.

39. Under the Fourteenth Amendment, Plaintiff is entitled to due process and the equal protections of the law.

40. On April 6, 2014, Defendants Boll, Mahay, Clifford, and Gonzalez, used excessive force by discharging their weapons at Plaintiff, in violation of his constitutional rights to be free from unreasonable seizures and to have equal protection of the law under the Fourth and Fourteenth Amendments.

41. Excessive force is analyzed under multiple factors, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the police officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

42. At all times, Defendants Boll, Mahay, Clifford, and Gonzalez were acting under color of state law, as agents of the City of Milwaukee, and within their scope of employment and authority as law enforcement officers of the MPD.

43. Defendants Boll, Mahay, Clifford, and Gonzalez were responding to a Non-emergency mental health call.

44. The use of force by Defendants Boll, Mahay, Clifford, and Gonzalez was unreasonable because Plaintiff did not pose an immediate threat to the safety of the police officers, Will, her husband, or Plaintiff's son.

45. The use of force by Defendants Boll, Mahay, Clifford, and Gonzalez was unreasonable because Plaintiff was not actively resisting or attempting to evade arrest by flight. In fact, Plaintiff did not know the Defendants or any MPD officer was present until he was taken into custody.

46. An officer is liable for excessive force if his or her own "reckless or deliberate conduct during the seizure unreasonably created the need to use such force".

47. Defendants Boll, Mahay, Clifford, and Gonzalez, and Purcelli's conduct, developing a plan involving Plaintiff's mother, unreasonably created the need to use excessive force against the Plaintiff.

48. During the approximately 30 minutes that MPD officers, including Defendants Boll, Mahay, Clifford, Gonzalez, and Purcelli were on scene, they collectively developed a plan, which resulted in Defendants Boll, Mahay, Clifford, and Gonzalez firing their service weapons and shooting Plaintiff in the back in the presence of Will and Plaintiff's son.

6

49. At all material times, Defendants Boll, Mahay, Clifford, and Gonzalez, had no clear indication whether Plaintiff was armed as he legally stood upon his porch.

50. A reasonable officer would have known that using force against an individual who is having a mental health crisis would constitute an excessive force in violation of the Fourth and Fourteenth Amendments.

51. A reasonable officer would have known that there was a different approach to be taken that did not include using the Plaintiff's mother to secure Plaintiff during his mental health crisis.

52. The MPD Officers' conduct described in the preceding paragraphs of this complaint is in direct violation of MPD's policies and procedures and objectively unreasonable.

53. As a direct and proximate result of the acts and omissions described herein, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and punitive damages.

54. Plaintiff is entitled to recovery of costs and fees, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## Count II:
### Title 42, United States Code, Section 1983 Failure to Intervene, against Defendants Gonzalez, Boll, Purcelli, Mahay, and Clifford

55. Plaintiff realleges and incorporates herein by reference paragraphs 1-54 of this Complaint.

56. Defendants Gonzalez, Boll, Mahay, and Clifford used excessive force when they fired their service weapons at Plaintiff.

57. At some point after arriving on scene, Defendants Boll, Gonzalez, Mahay, Purcelli, and Clifford knew that Defendants Boll, Gonzalez, Mahay, and Clifford were about to use excessive force on the Plaintiff.

7

58. Upon information and belief, the MPD officers on scene, including Defendants Boll, Gonzalez, Mahay, Purcelli, and Clifford, had their weapons removed from their holsters when taking their positions before Plaintiff stepped onto his porch.

59. Defendants Boll, Gonzalez, Mahay, Purcelli, and Clifford had a realistic opportunity to intervene to prevent excessive force being used against Plaintiff.

60. Defendants Boll, Gonzalez, Mahay, Purcelli, and Clifford failed to take reasonable steps such as suggesting a different plan, calling the Tactical Enforcement Unit, or securing all parties before responding to Plaintiff's mental health crisis, to prevent excessive force from being used against the Plaintiff.

61. Throughout the approximately 30-minute encounter, Defendants Gonzalez, Mahay, Boll, Purcelli, and Clifford had various opportunities to intervene and prevent the deprivation of Plaintiff's constitutional rights.

62. Defendants Boll, Gonzalez, Mahay, Purcelli, and Clifford's failure to act caused excessive force to be used and resulted in Plaintiff being shot in the back, which is a violation of the Plaintiffs Fourth and Fourteenth Amendment rights.

63. A reasonable officer would know that the MPD Officers' plan could unreasonably create a threat of serious harm to the Plaintiff, his son, and Will.

64. As a result of Defendants Gonzalez, Mahay, Boll, Purcelli, and Clifford's failure to intervene, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and punitive damages.

65. The Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## Count III:
### Title 42, United States Code, Section 1983, Municipal Liability against Defendant City of Milwaukee

66. Plaintiff realleges and incorporates herein by reference paragraphs 1 – 65 of this Complaint.

67. At all times material hereto, Defendants Purcelli, Boll, Gonzalez, Mahay, and Clifford were acting under the color of state law, employed by MPD under the Defendant City of Milwaukee.

68. Defendants Boll, Gonzalez, Mahay, and Clifford's excessive use of force on April 6, 2014, resulted in the deprivation of Plaintiff's Fourth and Fourteenth Amendment Constitutional rights.

69. Defendant City of Milwaukee has a custom of condoning constitutional rights violations.

70. Defendant City of Milwaukee has a custom of failing to discipline their officers.

71. Defendant City of Milwaukee has a custom of failing to train and supervise their officers.

72. Defendant City of Milwaukee's custom of condoning constitutional rights violations, failing to discipline their officers and failing to train and supervise their officers, resulted in the deliberate indifference of Plaintiff's Fourth and Fourteenth Amendment rights.

73. Because of Defendant City of Milwaukee's custom of condoning constitutional rights violations, their failure to discipline their officers, their failure to train and supervise their officers, Defendants Boll, Mahay, Gonzalez, and Clifford used excessive force and as a result, the Plaintiff was shot in the back.

74. Defendant City of Milwaukee had constructive notice that its actions and failure to act was substantially certain to result in a Fourth and Fourteenth Amendment constitutional violation and it consciously or deliberately chose to disregard such risk to Plaintiff's harm.

9

### A. MPD's Custom

75. Plaintiff realleges and incorporates herein by reference paragraph 1-74 of this complaint.

76. The Fire and Police Commission is the policymaker for the Defendant City of Milwaukee with respect to the hiring of MPD Officers.

77. In 2014, the MPD Chief of Police was Edward A. Flynn.

78. Prior to April 6, 2014, and continuing to the present, City of Milwaukee maintained/maintains a custom of condoning constitutional rights violations by MPD officers.

79. That this custom of condoning constitutional rights violations by MPD officers was/is so persistent and widespread that it was/is the official policy of the MPD.

80. That prior to April 6, 2014, Defendant City of Milwaukee had actual/or constructive notice of the custom of condoning constitutional rights violations by MPD officers.

81. That part of the Defendant City of Milwaukee's custom of condoning constitutional rights violations by MPD officers was/is the failure to discipline MPD officers for misconduct.

82. The City of Milwaukee's Custom of condoning constitutional rights violations by MPD officers was the moving force behind the constitutional violations suffered by the Plaintiff.

83. Upon information and belief, through an internal affairs investigation, MPD determined that the force used by Defendants Boll, Gonzalez, Mahay, and Clifford were justified and not excessive.

84. This finding is a reinforcement of the negligent behavior of MPD and Defendant City of Milwaukee and their customs of condoning constitutional violations by their officers.

### B. MPD's Failure to Discipline

85. Plaintiff realleges and incorporates herein by reference paragraphs 1 – 84 of this Complaint.

86. Defendant City of Milwaukee has a history of failing to discipline its officers.

87. Defendant City of Milwaukee knew it was highly predictable that Fourth and Fourteenth Amendment violations would occur without more or different discipline of its officers because there was a pattern of similar constitutional violations.

88. Defendant City of Milwaukee's failure to provide adequate discipline to Defendants Gonzalez and Mahay, was the moving force behind the violation of Plaintiff's Fourth and Fourteenth Amendment rights.

89. MPD officers encountering individuals who are suffering from mental illness and/or experiencing a crisis situation are recurring situations that present an obvious potential for constitutional violations.

90. MPD officers using force against individuals are recurring situations that present an obvious potential for constitutional violations.

91. Defendant City of Milwaukee was aware that Defendant Mahay had five (5) use of force investigations prior to this incident.

92. Defendant City of Milwaukee was aware that Defendant Gonzalez had eighteen (18) use of force investigations prior to this incident.

93. Upon information and belief, Defendants Mahay and Gonzalez were not properly disciplined for their excessive use of force actions in this incident.

94. Upon information and belief, out of the twenty-three (23) Excessive Use of Force claims against Mahay and Gonzalez combined, none were found to be sustained.

95. Upon information and belief, the City of Milwaukee had reason to know that Defendant Gonzalez and Defendant Mahay engaged in the excessive use of force and neither supervised them nor provided proper training, and this intentional disregard for the possible infliction of pain by these officers on another resulted in the now complained injury.

96. Defendants Gonzalez and Mahay improperly responded to this encounter with Plaintiff, an individual suffering from a mental health crisis, by firing their weapons at his person.

97. Defendants Gonzalez, Mahay, Boll, Clifford, and Purcelli failed to de-escalate an intense situation with Plaintiff.

98. Defendants Gonzalez, Mahay, Boll, and Clifford, improperly responded to the minimal threat of harm associated with Plaintiff by using the excessive force of firing their weapons.

**C.  MPD's Failure to Train/Supervise**

99. Plaintiff realleges and incorporates herein by reference paragraphs 1 – 98 of this Complaint.

100. That, prior to April 6, 2014, and continuing to the present, the policymakers of the Defendant City of Milwaukee made a conscious choice from various alternatives to follow its official policies with respect to the training of MPD officers.

101. That, as set forth in the preceding paragraphs, at the time of the incident and continuing to the present, Defendant City of Milwaukee's official policies with respect to the training of MPD officers were/are inadequate with respect to the recurring situations of encountering individuals with mental illness and using force against individuals.

102. At the time of the incident, the policymakers of Defendant City of Milwaukee knew or should have known that its training regarding mental health crisis situations, was likely to result in Fourth and Fourteenth Amendment constitutional violations.

103. Defendant Boll was re-trained on MPD's department policies after this incident and admitted that she was in violation of the department's policies.

104. That MPD's deficient policy with respect to the hiring and continued employment of MPD officers caused the violation of the Plaintiff's clearly established constitutional rights, and the injuries and damages to the Plaintiff, as set forth in the proceeding paragraphs.

105. As a result of Defendant City of Milwaukee's custom of condoning constitutional rights violations, their failure to discipline their officers, their failure to train and supervise their officers, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and punitive damages.

106. The Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, jointly and severally, for compensatory damages, including but not limited to, future and past medical bills, pain and suffering, and emotional distress.

2. In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, for punitive damages.

3. In favor of the Plaintiff, against the Defendant City of Milwaukee, as set forth in preceding paragraphs, for its liability pursuant to Wisconsin Statute Section 895.46;

4. For injunctive and other equitable relief reforming the policies and customs of the City of Milwaukee, to prevent actions and harm in the future; and

5. For all costs, disbursements, interest, and reasonable attorneys' fees, pursuant to Title 42 of the United States Code, Section 1988, and for such of the relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests a trial by jury on all matters as to which he is entitled by law.

Respectfully submitted, this 8th day of September 2022.

                                      **OVB Law & Consulting, S.C.**
                                      Attorneys for Plaintiff

                                      *Electronically signed by*:
                                      *s/Allysa Brown*
                                      State Bar No. 1101511
                                      *s/Samantha H. Baker*
                                      State Bar No. 1101385
                                      839 N. Jefferson Street, Suite 502
                                      Milwaukee, WI 53202
                                      (414) 585-0588 (office)
                                      (414) 255-3031 (fax)
                                      allysa@ovblaw.com
                                      samantha@ovblaw.com