IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSEPH WALKER,
                Plaintiff,

v.                                                  Case No. 20-cv-487

CITY OF MILWAUKEE,
Police Officer Lisa Purcelli,
Police Officer Tanya Boll,
Police Officer Balbir Mahay,
Police Officer Jeremy Gonzalez,
Police Officer Daniel Clifford.

                Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now Come Defendants, by their attorney, Tearman Spencer, City Attorney, by Assistant City Attorney Anthony Jackson, and as for an answer to Plaintiff's second amended complaint, admit, deny, allege, and state to the court as follows:

### PARTIES

1. Answering paragraph 1, Upon information and belief admit the allegations contained herein

2. Answering paragraph 2, admit.

3. Answering paragraph 3 admit.

4. Answering paragraph 4, admit

5. Answering paragraph 5, The allegations contained in this paragraph require a legal opinion and therefore need not be answered, and Deny the allegations contained therein.

6. Answering paragraph 6, admit plaintiff has filed suit upon allegations against defendants, deny that defendants have violated any law or are in any way liable to the plaintiff in

1

this action or otherwise.

7. Answering paragraph 7, admit plaintiff has filed suit against defendants, however deny that defendants have violated any law or are in any way liable to plaintiff in this action.

8. Answering paragraph 8, admit.

9. Answering paragraph 9, admit defendant officers responded to 2659 South 15th Street, lack knowledge or information sufficient so as to form a belief as to any remaining allegations, therefore deny the same.

10. Answering paragraph 10, lack information or knowledge sufficient to form a belief, therefore deny the same.

11. Answering paragraph 11, lack information or knowledge sufficient to form a belief, therefore deny the same.

12. Answering paragraph 12, lack information or knowledge sufficient to form a belief, therefore deny the same.

13. Answering paragraph 13, admit Defendant Boll responded to the location, lack knowledge or information sufficient so as to form a belief as to any remaining allegations

14. Answering paragraph 14, lack information or knowledge sufficient to form a belief, therefore deny the same

15. Answering paragraph 15, admit a plan was devised for the Plaintiff to vacate the residence, lack knowledge or information sufficient so as to form a belief as to any remaining allegations.

16. Answering paragraph 16, admit Plaintiff was to be placed into custody, lack knowledge or information sufficient so as to from a belief as to any remaining allegations

17. Answering paragraph 17, lack information or knowledge sufficient as to form a belief, therefore deny the same.

18. Answering paragraph 18, admit

19. Answering paragraph 19, lack information of knowledge sufficient as to from a belief, therefore deny the same.

20. Answering paragraph 20, lack information or knowledge sufficient as to form a belief, therefore deny the same.

21. Answering paragraph 21, deny that MPD officers never announced themselves, lack information or knowledge sufficient to form a belief as to remaining allegations.

22. Answering paragraph 22, lack information or knowledge sufficient to form a belief and therefore deny the same.

23. Answering paragraph 23, lack information or knowledge sufficient to form a belief and therefore deny the same

24. Answering paragraph 24, lack information or knowledge sufficient to form a belief and therefore deny the same.

25. Answering paragraph 25, lack information or knowledge sufficient to form a belief and therefore deny the same.

26. Answering paragraph 26, lack information or knowledge sufficient to form a belief and therefore deny the same.

27. Answering paragraph 27, lack information or knowledge sufficient to form a belief and therefore deny the same.

28. Answering paragraph 28, lack information or knowledge sufficient to form a belief and therefore deny the same.

29. Answering paragraph 29 lack information or knowledge sufficient to form a belief and therefore deny the same.

30. Answering paragraph 30, lack information or knowledge sufficient to form a

3

belief and therefore deny the same.

31. Answering paragraph 31, lack information or knowledge sufficient to form a belief and therefore deny the same

32. Answering paragraph 32, lack information or knowledge sufficient to form a belief and therefore deny the same.

33. Answering paragraph 33, admit

34. Answering paragraph 34, lack information or knowledge sufficient to form a belief and therefore deny the same.

35. Answering paragraph 35, lack information or knowledge sufficient to form a belief as to the allegations, and therefore deny the same.

36. Answering paragraph 36, deny.

37. Answering paragraph 27, reallege and incorporate herein by reference as though fully set for herein the defendants' answers to the preceding paragraphs of the plaintiff's amended complaint

38. Answering paragraph 38, admit

39. Answering paragraph 39, admit

40. Answering paragraph 40, deny insofar as the allegation may be construed to imply that defendant officers violated plaintiff's rights or intended to violate plaintiff's rights; deny any remaining constructions or remaining allegations

41. Answering paragraph 41, this is a legal conclusion, to which the defendants here do not respond

42. Answering paragraph 42, admit

43. Answering paragraph 43, deny

44. Answering paragraph 44, deny

45. Answering paragraph 45, deny the use of force used by Defendants Boll, Mahay, Cilfford and Gonzalez was unreasonable, lack knowledge of information sufficient so as to form a belief as to any remaining allegations.

46. Answering paragraph 46, this is a legal conclusion, to which the defendants here do not respond

47. Answering paragraph 47, deny

48. Answering paragraph 48, deny

49. Answering paragraph 49, deny

50. Answering paragraph 50, deny

51. Answering paragraph 51, deny

52. Answering paragraph 52, deny

53. Answering paragraph 53, deny that defendants were a legal cause to any damages plaintiff may have suffered; lack knowledge or information sufficient so as to form a belief as to any remaining allegations.

54. Answering paragraph 54, deny that plaintiff is entitled to the relief sought

55. Answering paragraph 55, plaintiff makes no allegation here to which defendants need respond

56. Answering paragraph 56, deny

57. Answering paragraph 57, deny

58. Answering paragraph 58, lack knowledge or information sufficient so as to form a belief as to the allegations contained therein.

59. Answering paragraph 59, deny

60. Answering paragraph 60, deny

61. Answering paragraph 61, deny

5

Case 2:20-cv-00487-NJ   Filed 09/22/22   Page 5 of 9   Document 47

62. Answering paragraph 62, deny

63. Answering paragraph 63, deny

64. Answering paragraph 64, deny

65. Answering paragraph 65 deny

66. Answering paragraph 66, plaintiff makes no allegation here to which defendants need respond

67. Answering paragraph 67, admit

68. Answering paragraph 68, deny

69. Answering paragraph 69, deny

70. Answering paragraph 70, deny

71. Answering paragraph 71, deny

72. Answering paragraph 72, deny

73. Answering paragraph 73, deny

74. Answering paragraph 74, deny

75. Answering paragraph 75, plaintiff makes no allegation here to which defendants need respond

76. Answering paragraph 76, admit

77. Answering paragraph 77, admit

78. Answering paragraph 78, deny

79. Answering paragraph 79, deny

80. Answering paragraph 80, deny

81. Answering paragraph 81, deny

82. Answering paragraph 82, deny

83. Answering paragraph 83, admit

84. Answering paragraph 84, deny

85. Answering paragraph 85, plaintiff makes no allegation here to which defendants need respond

86. Answering paragraph 86, deny

87. Answering paragraph 87, deny

88. Answering paragraph 88, deny

89. Answering paragraph 89, deny

90. Answering paragraph 90, deny

91. Answering paragraph 91, admit

92. Answering paragraph 92, admit

93. Answering paragraph 93, deny

94. Answering paragraph 94, admit

95. Answering paragraph 95, deny

96. Answering paragraph 96, deny

97. Answering paragraph 97, deny

98. Answering paragraph 98, deny

99. Answering paragraph 99, plaintiff makes no allegation here to which defendants need respond

100. Answering paragraph 100, deny

101. Answering paragraph 101, deny

102. Answering paragraph 102, deny

103. Answering paragraph 103, lack knowledge or information sufficient so as to form a belief as to the allegations contained therein.

104. Answering paragraph 104, deny

105. Answering paragraph 104, deny

106. Answering paragraph 106, deny plaintiff is entitled to relief he seeks

## Affirmative Defenses

1. plaintiff's complaint may fail to state a claim upon which relief can be granted;

2. any City of Milwaukee police officers, supervisors, or officials acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the plaintiff, pursuant to the doctrine of qualified immunity;

3. the actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability regarding any state-law claims, pursuant to Wis. Stat. § 893.80;

4. the amount of liability of the City of Milwaukee, if any, relative to any state-law claim, is limited pursuant to Wis. Stat § 893.80;

5. the plaintiff failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state-law claims are therefore barred;

6. Plaintiff may have failed to mitigate his damages; and

7. any damages or injuries suffered by plaintiff may have been caused by his own actions and/or inaction.

8. Plaintiff's claims may be barred by statute of limitations.

9. Plaintiff's injuries, if any, were not caused by any policy, practice, or custom of the city of Milwaukee or any of its officers, agents, or employees acting in their individual or official capacities.

10. No punitive damages may be awarded against the city of Milwaukee or any of its officers, agents, or employees acting in their official capacity, Newport v. Fact Concert, Inc., 453 U.S. 247 (1981).

Defendants reserve the right to amend this answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, defendants demand judgment as follows:

1. dismissing the complaint of the plaintiff as against them on its merits, together with costs and disbursements; and

2. for such other and further relief as the Court may deem just and equitable.

**Jury Demand**

Defendants demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin 22 day of September 2022

**TEARMAN SPENCER**
CITY ATTORNEY

*s/Anthony Jackson*
State Bar No. 1090574
Attorneys for the Defendant
Milwaukee, City Attorney's Office
800 City Hall
Milwaukee, WI 53202
(414)286-8014 (-office)
lajack@milwaukee.gov