UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH WALKER,**

    Plaintiff,

    v.                                           Case No. 20-CV-487

**CITY OF MILWAUKEE, et al.,**

    Defendants.

---

### DECISION AND ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

---

Joseph Walker sues the City of Milwaukee, along with Milwaukee Police Department ("MPD") Sergeant Tanya Boll, and MPD Officers Lisa Purcelli, Balbir Mahay, Jeremy Gonzalez, and Daniel Clifford under 42 U.S.C. § 1983. (Docket # 45.) Presently before me is the defendants' motion for an order bifurcating discovery of Walker's claims against the individual defendants from Walker's *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) claims against the City, and staying discovery on the *Monell* claim until dispositive motions relating to claims against the individual defendants are resolved. (Docket # 50.) For the reasons explained below, the defendants' motion to bifurcate discovery is denied.

### BACKGROUND

Walker alleges that on April 6, 2014, at approximately 1:00 a.m., his mother placed a non-emergency call to the MPD stating that Walker had taken Ambien and was psychotic, had guns in the house, and had threatened to murder her and kill himself. (Second Am. Compl. ¶ 8.) In response to the call, seventeen MPD Officers, including Purcelli, Boll,

Mahay, Gonzalez, and Clifford, responded to the address. (*Id.* ¶ 9.) Under a plan devised by the MPD officers, Walker's mother was to call Walker and ask him to vacate the residence to retrieve his Ambien medication that he believed she had left the residence to fill at a Walgreens. (*Id.* ¶ 15.) Per the plan, once Walker exited the residence, MPD officers were to take Walker into custody and transfer him to a mental health facility for treatment. (*Id.* ¶ 16.) Walker alleges that at the instruction of Purcelli and Boll, Walker's mother called Walker from her car parked outside the residence and asked Walker to come outside to get his Ambien. (*Id.* ¶ 17.) Walker, however, sent his twelve-year-old son outside instead. (*Id.*)

At some point during the encounter, Walker exited the residence onto the porch, unaware of the armed officers surrounding the house. (*Id.* ¶ 19.) Walker alleges that although he was unarmed, Purcelli advised the officers on the scene that she believed Walker was armed. (*Id.* ¶ 22.) At 1:50 a.m., Purcelli radioed that Walker was walking down the steps. (*Id.* ¶ 23.) Boll, Gonzalez, Clifford, and Mahay began firing their weapons at Walker. (*Id.*) Upon hearing the gunshots, Walker turned to enter back into the residence; he was shot in the back by a bullet discharged from Boll's weapon. (*Id.* ¶¶ 28, 30.) Walker alleges that after falling from the impact of the bullet, MPD officers dragged him from the porch to the bottom of his steps, handcuffed him, and arrested him. (*Id.* ¶¶ 31–33.)

Walker sues defendants Boll, Mahay, Clifford, and Gonzalez under § 1983 for allegedly using excessive force during the police encounter on April 6, 2014 and sues defendants Gonzalez, Boll, Purcelli, Mahay, and Clifford under § 1983 for failure to intervene. (*Id.*) Walker alleges that the City of Milwaukee is liable under § 1983 and *Monell* for having a custom of condoning constitutional rights violations and failing to train and supervise its officers. (*Id.*)

Discovery closes on December 1, 2022, and dispositive motions are due on January 23, 2023. Walker states that he has completed all discovery *except* for the Rule 30(b)(6) depositions for the City of Milwaukee. (Docket # 52 at 6.) The City now moves to bifurcate and stay discovery on Walker's *Monell* claim until the claims against the individual defendants are resolved. Walker opposes the motion.

## ANALYSIS

Fed. R. Civ. P. 26(c) permits a court to control the scope and sequence of discovery. A district court has discretion in deciding whether to bifurcate discovery involving *Monell* claims and the decision to bifurcate discovery is case-specific. *Ott v. City of Milwaukee*, No. 09-C-870, 2010 WL 5095305, at *1 (E.D. Wis. Dec. 8, 2010). The City makes two principal arguments in support of bifurcating *Monell* discovery. First, it argues that because a *Monell* claim is a derivative liability claim, it cannot survive if the claims against the individual officers fail on the merits. (Docket # 51 at 4.) As such, it promotes judicial economy to address the individual claims first. Second, the City argues that *Monell* discovery is typically onerous, creating a heavy financial and administrative burden that militates towards bifurcation. (*Id.* at 4–5.)

But in this case, it makes little sense to bifurcate discovery at this juncture. Walker represents that he has completed *all* discovery *except* for the Rule 30(b)(6) depositions of the City of Milwaukee. (Docket # 52 at 6.) Walker estimates that based on the scope of his requests, the testimony could be provided by, at most, three to four representatives. (*Id.* at 6–7.) We are not at the inception of this case with discovery just beginning—discovery is almost complete. Dispositive motions are due next month. For this reason, it is preferable to complete discovery as to all issues and proceed with dispositive motions, rather than halt

3

discovery on the *Monell* claim only to potentially restart it again in a few months. Defendants' motion to bifurcate discovery is denied. Although discovery closes on December 1, 2022, the parties are permitted to complete their Rule 30(b)(6) depositions prior to the filing of dispositive motions.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to bifurcate and stay discovery (Docket # 50) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of December, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge