IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSEPH WALKER,

                        Plaintiff,

v.                                                                          Case No. 20-cv-487

CITY OF MILWAUKEE, et al.,

                        Defendants.

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION TO RESET TRIAL DATES

Plaintiff, Joseph Walker, through his attorneys OVB Law & Consulting, S.C., submit this memorandum in opposition to Defendants' motion to reschedule trial dates (ECF Doc. 70). For the reasons set forth below, the Court should deny Defendants' motion.

## ARGUMENT

A scheduling order may be modified only for good cause and with the judge's consent. FRCP 16(b)(4). The primary consideration in making a Rule 16(b) good-cause determination is the diligence of the party seeking amendment. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005)). The decision to grant an adjournment is also one made in the court's discretion. *Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶ 105. Defendants are asking this Court to upend the April scheduling order, and subsequent stipulation of the parties, and adjourn trial for one Defendant's leisure trip to Italy. (ECF Doc. 70). Defendants' justifications to move the trial is that they may eventually appeal and, in the grand scheme of an appeal timeline, a few months delay is not material. (ECF Doc. 70).

This paltry excuse not only fails to capture attention but also falls woefully short of the demanding standards required for serious consideration.

Defendants' arguments fail to grasp that Plaintiff has been waiting over nine years for a resolution in this case, and with the trial stage set, cavalierly request that the Plaintiff continue to live life without any justice for the unwarranted gunshot wound suffered at the hands of Milwaukee Police officers. Beyond this, Defendants fail show any iota of good cause and put forth no evidence to support any reasonable diligence on their part to warrant an adjustment of the scheduling order.

A scheduling order in this case was filed April 5, 2023, which included trial dates. (ECF Doc. 66). Within a week of this order, it was brought to this Court's attention that an attorney of record for the Plaintiff will be unavailable during the trial dates and requested an amended scheduling order to accommodate the conflict. (ECF Doc. 67). Defendants did not object to this request. On April 14, 2023, this Court issued an amended scheduling order to accommodate the request, scheduling the trial to begin September 25, 2023. (ECF Doc. 68). If scheduling conflicts exist at the time of the scheduling order, Plaintiff's example in this case should have instructed Defendants' on how to reasonably approach the issue.

Instead, two months after the amended scheduling order was filed, Defendants' counsel discovered that the trial date interfered with one of his clients' travel schedules. While Defendants allege that the trip was planned before the trial date was set, they fail to provide any compelling evidence to support such an assertion. Additionally, they provide no reason as to why this was not brought to the Court's attention earlier. (ECF Doc. 70). Defendant had been put on notice of the scheduling order twice – first at the initial scheduling conference on April 5, 2023, and then upon the request of Plaintiff's counsel to amend the scheduling order roughly a week later. There is no explanation regarding the lack of communication between Defendant Boll and her counsel in approving the scheduling order while the "preplanned" vacation was on their calendar. (ECF Doc.

70). A lack of due diligence in communicating with a client is not good cause to adjourn a trial set to start in less than four months. Further, there is no explanation as to why Defendant Boll believes her travel schedule is mandatory and the trial in which she is a named Defendant optional.

The present litigation has been pending in this Court for over three years. The underlying incident occurred in April of 2014, nine years ago. The parties have engaged numerous witnesses, including expert witnesses, that have cleared their schedule for the September trial dates. Accommodating the rescheduling of a prolonged trial at this stage will disrupt the parties who have appropriately planned for trial, this Court in its scheduling, and benefit only one Defendant who wishes to spend time abroad. It would prejudice the Plaintiff and his witnesses to reschedule this trial for an issue that could have been brought to this Court's attention prior to scheduling the instant trial.

## CONCLUSION

Defendant fails to carry the burden of showing "good cause" to amend the scheduling order, and any reasonable diligence would have brought this issue before this Court months ago. Because there is no reasonable basis for the Defendants to disrupt the scheduling order to the detriment of all other interested parties, this Court should **deny** Defendants' Expedited Motion to Reset Trial Dates.

Dated and signed at Milwaukee, Wisconsin this 21st day of June 2023.

**OVB Law & Consulting, S.C.**
Attorneys for Plaintiff

*Electronically signed by*:
*s/Emil Ovbiagele*
State Bar No. 1089677
*s/Samantha H. Baker*
State Bar No. 1101385

839 N. Jefferson Street, Suite 502
Milwaukee, WI 53202
(414) 585-0588 (office)

(414) 255-3031 (fax)
emil@ovblaw.com
samantha@ovblaw.com