UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSEPH WALKER,

        Plaintiff,

v.                                            Case No.: 20-CV-487

CITY OF MILWAUKEE, et al.

        Defendants.
_____

## DEFENDANTS' PRE-TRIAL REPORT
_____

Defendants, by their attorneys, Tearman Spencer, City Attorney, by Anthony Jackson, Assistant City Attorney, and Clint Muche, Assistant City Attorney pursuant to Civil Local Rule 16(c) hereby submits the following Pre-Trial Report:

**1)    Background and Defenses**

Officers responded to South 15th Street in the early morning hours of April 6, 2014, for a report of a subject with a gun. The caller, Luann Will, indicated that her son, the plaintiff, Joseph Walker, had threatened to kill her and himself if she did not obtain Ambien for him. Ms. Will, who had left the residence purportedly to fill the prescription, had instead called police from a neighbor's house. She told officers that her husband and minor grandchild were still inside her home with Walker, who had access to multiple firearms inside.

Officers positioned themselves around Will's residence, as Ms. Will called her son to tell him to come outside and retrieve the prescription. Walker sent his twelve-year-old son outside instead. Walker soon exited onto the front porch wearing a dark sweatshirt over his left shoulder. He appeared agitated, and officers believed he had a firearm in his right hand. As Walker began to move towards his mother and son, officers ordered him to "drop the gun" and "show his hands" but he did not comply. Fearing for the bystanders' safety, four officers shot a total of twelve times, striking Walker in his back/right shoulder.

Walker went back into the residence before returning to the porch a short time later, where he was taken into custody. Blood evidence and other observations suggest he traveled from the front door to his bedroom and back. Officers subsequently recovered three loaded firearms from Walker's room.

Plaintiff makes three claims: (1) that the individual officers used excessive force against him in violation of the Fourth Amendment; (2) that the individual officers failed to intervene to prevent the use of excessive force against him; and (3) a *Monell* claim.

Issues at trial as against the individual defendant officers include: (a) whether, from the perspective of a reasonable officer called to the scene of a domestic disturbance involving threats and firearms, it was unreasonable to use deadly force when the suspect, who appeared agitated and armed, ignored lawful commands, and moved towards his mother and minor child?; (b) if (and only if) one or more officers unreasonably used excessive force against Walker, whether others on-scene knew that he or she was about to do so, had a realistic opportunity to prevent harm from occurring and failed to take

2

reasonable steps to prevent that harm?; (c) whether the facts and circumstances presented to officers "clearly established" that the use of deadly force was not reasonable?; and (d) whether officers unreasonably created a dangerous situation in attempting to lure Walker outside, away from innocents inside, such that qualified immunity is not available to them?

Plaintiff's claim against the Defendant City of Milwaukee raises the following issues: (a) whether a domestic disturbance related to drug-seeking behavior involving criminal threats, firearms, and reported mental health issues, is a recurring situation; (b) whether the use of excessive force in such circumstances was highly predictable, absent more or additional training?; (c) whether the City's failure to provide adequate training regarding in such circumstances caused a deprivation of Plaintiff's constitutional rights?

The Defendants deny they violated the plaintiff's constitutional rights, Defendants deny that the city of Milwaukee had a custom that led to any deprivation of the plaintiff's constitutional rights. The Defendants assert they are protected by qualified immunity.

**2) Statement of the Issues**

1) Whether the Defendants unreasonably used deadly force during the arrest of the Plaintiff in violation of the Fourth Amendment?

2) Whether the Defendants failed to intervene to prevent deadly force being used against the Plaintiff?

3) Whether the city of Milwaukee had a custom of failure to their train their officers in encountering individuals suffering from mental health issues, such that their failure to train caused a violation of the Plaintiff's constitutional rights?

3

**3)     Estimated time Needed for the Jury trial**

Four to Five Days.

**4)     Stipulations**

The Defendants do not dispute the officers were acting under "a color of law" at all material times.

**5)     Defendants' Witnesses Anticipated to Testify**

**1)** Defendant Balbir Mahay (retired police officer, Milwaukee, WI) who may be contacted through defense counsel

**2)** Defendant Tanya Ball (Police officer, Milwaukee, WI) who may be contacted through defense counsel

**3)** Defendant Daniel Clifford (Police officer, Milwaukee, WI) who may be contacted through defense counsel

**4)** Defendant Jeremy Gonzalez (Police officer, Milwaukee, WI) who may be contacted through defense counsel

**5)** Defendant Lisa Purcelli (retired police officer) who may be contacted through defense counsel

**6)** Roman Martinez (police officer, Milwaukee) who may be contacted through defense counsel

**7)** Eligio Cavazos (police officer, Milwaukee) who may be contacted through defense counsel

8) Daniel Urban (police officer, Milwaukee, WI) who may be contacted through defense counsel

9) Bradley Johnson (police officer, Milwaukee, WI) who may be contacted through defense counsel

10) Officer Joseph Ratkowski (police officer, Milwaukee, WI) who may be contacted through defense counsel

11) Detective Scott Schmitz (police officer, Milwaukee, WI) who may be contacted through defense counsel

12) Detective James Hutchinson (police officer, Milwaukee, WI) who may be contacted through defense counsel

13) James Hensley (police officer, Milwaukee, WI) who may be contacted through defense counsel

14) Todd Gray (police officer, Milwaukee, WI) who may be contacted through defense counsel

15) Troy Porter (police officer, Milwaukee) who may be contacted through defense counsel

16) Matthew Bell (police officer, Milwaukee) who may be contacted through defense counsel

17) Michael Maldonado (police officer, Milwaukee, WI) who may be contacted through defense counsel

18) Kenneth Grams (retired officer, Milwaukee) who may be contacted through defense counsel

19) Jolene Lopez (police officer) who may be contacted through defense counsel

**Civilian Witnesses**

20) Joseph Walker Jr.

21) Luann Will

22) Raymond Will

23) Joseph Walker

24) Any witness named on the Plaintiff's witness list

**6) Expert Witness**

Defendants will be calling Milwaukee Police Department Officer Todd Gray as an expert witness. Officer Gray will offer opinions as to the officers use of force in this case. In particular, Officer Gray, may testify as to the factors an officer may consider when using force including deadly force.

**7) Number of Jurors**

    a. The Defendants request eight jurors

**8) Exhibit List**

The defendants may rely upon some of the documents identified by the plaintiffs as exhibits in the trial of the above-noted case, or may introduce them separately if not offered by the plaintiffs. In particular, or in addition to those exhibits, the defendants may submit the following as an exhibit:

6

| Exhibit Number | Description |
|---|---|
| 1000 | CAD # 140960161 |
| 1001 | MPD Investigative photos from incident |
| 1003 | Sgt Boll diagram 6/5/2014 |
| 1004 | Joseph Walker witness statement 4/30/2015 |
| 1005 | Joseph Walker citizen complaint 5/11/2015 |
| 1006 | Joseph Walker citizen complaint 12/16/2016 |
| 1007 | Joseph Walker witness statement 10/16/2017 |
| 1008 | Joseph Walker witness statement 1/23/2018 |
| 1009 | 911 call and radio communication regarding the 4/6/2014 incident |
| 1010 | Mirandized interview Joseph Walker April 7, 2014 |
| 1011 | Brian Landers Deposition transcript (9/29/2023) |
| 1012 | Joseph Walker Deposition transcript (12/12/2022) |
| 1013 | Plaintiff's Responses to Defendant's First request for Admissions |

**9) Proposed Jury Instructions**

    i. 1.01 Functions of the Court
    ii. 1.04 Evidence
    iii. 1.06 What is not Evidence
    iv. 1.07 Note Taking
    v. 1.08 Consideration of All Evidence Regardless of Who Produced
    vi. 1.09 (if needed)
    vii. 1.11 Weighing the Evidence
    viii. 1.12 Direct and Circumstantial Evidence
    ix. 1.13 Testimony of Witnesses
    x. 1.14 Prior Inconsistent Statements (if needed)

 xi. 1.15 Impeachment of Witness –convictions
 xii. 1.17 Number of Witnesses
 xiii. 1.18 Absence of Evidence

 xiv. 1.24 Demonstrative Evidence (if needed)
 xv. 1.25 Multiple claims: multiple defendants
 xvi. 1.21 Expert Witness
 xvii. 1.27 Burden of Proof
 xviii. 1.32 Selection of Presiding Juror
 xix. 1.33 Communication with court
 xx. 1.34 Disagreement among jurors
 xxi. 2.05 Stipulations of fact
 xxii. 2.09 use of interrogatories (if needed)
 xxiii. 2.11 impeachment by conviction of crime
 xxiv. 7.09 Excessive Force against an arrestee
 xxv. 7.10 Excessive Force: Unreasonable force definition
 xxvi. 7.22 Failure to Intervene
 xxvii. 7.25 Liability of Municipality: failure to train
 xxviii. 7.26 Compensatory Damages
 xxix. 7.28 Punitive Damages

**10) Proposed Verdict Forms**

Please see Attachment A

**11) Proposed Voir Dire**

Please See Attachment B

# ATTACHMENT A

**DEFENDANTS' PROPOSED SPECIAL VERDICT**

**Question No. 1:**

Did Balbir Mahay unreasonably use deadly force against Joseph Walker on April 6, 2014 in violation of his Fourth Amendment rights?

Answer:_____

(Yes/No)

**Question No. 2:**

Did Jeremy Gonzalez unreasonably use deadly force against Joseph Walker on April 6, 2014 in violation of his Fourth Amendment rights?

Answer:_____

(Yes/No)

**Question No. 3:**

Did Daniel Clifford unreasonably use deadly force against Joseph Walker on April 6, 2014 in violation of his Fourth Amendment rights?

Answer:_____

(Yes/No)

**Question No. 4:**

Did Tanya Boll unreasonably use deadly force against Joseph Walker on April 6, 2014 in violation of his Fourth Amendment rights?

Answer:_____

(Yes/No)

**Question No. 5:**

Note: Answer this question, if and only if, you answered "yes" to any of the questions 1-4.

What sum of money, if any will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result the violation of his Fourth Amendment rights?

$_____

Amount

**Question No 6:**

Note: Answer this question, if, and only if you answered "yes" to any of questions 2-5.

Did Balbir Mahay fail to intervene to prevent the use of excessive force by one of the defendant officers?

Answer: _____

(Yes/No)

**Question No 7:**

Note: Answer this question, if, and only if, you answered "yes" to Question no 6.

What sum of money, if any, will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result of Balbir Mahay's failure to intervene in the excessive use of force by another defendant officer?

$_____

(Amount)

**Question 8:**

Note: Answer this question only if you answered yes to any of questions 1, 3, or 4.

Did Jeremy Gonzalez fail to intervene to prevent the use of excessive force by one of the defendant officers?

Answer: _____

(Yes/No)

**Question 9:**

Note: Answer this question, if, and only if, you answered "yes" to Question no 8.

What sum of money, if any, will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result of Jeremy Gonzalez' failure to intervene in the excessive use of force by one of the defendant officers?

$_____

(Amount)

**Question 10:**

Note: Answer this question only if you answered yes to any of questions, 1, 2, or 4.

Did Daniel Clifford fail to intervene to prevent the excessive use of force by one of the defendant officers?

Answer:_____

(Yes/No)

**Question 11:**

Note: Answer this question if, and only if, you answered "yes" to Question 10.

What sum of money, if any, will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result of Daniel Clifford's failure to intervene in the excessive use of force by one of the defendant officers?

$_____

Amount

**Question 12:**

Note: Answer this question only if you answered yes to any of questions 1, 2, or 3.

Did Tanya Boll fail to intervene in the excessive use of force by one of the defendant officers?

Answer:_____

(Yes/No)

**Questions 13:**

Note: Answer this question, if, and only if, you answered "yes" to Question no 12.

What sum of money, if any, will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result of Tanya Boll's failure to intervene in the excessive use of force by one of the defendant officers?

$_____

Amount

**Question 14:**

Note: Answer this question only if you answered yes to any of questions 1, 2, 3, or 4.

Did Lisa Purcelli fail to intervene to prevent the use of excessive force by one of her fellow officers?

Answer: _____

(Yes/No)

Note: Answer this question, if, and only if, you answered "yes" to Question no 14

What sum of money, if any, will fairly and reasonably compensate Mr. Walker for the harm he sustained as a result of Lisa Purcelli's failure to intervene in the excessive use of force by one of the defendant officers?

$_____

Amount

**Punitive Damages**

If you answered "yes" to any of questions 1-14, answer question 15 with regard to each defendant for whom you answered "yes": was that defendant's conduct malicious or in reckless disregard of Joseph Walker's rights?

**Question 15:**

    a.    Balbir Mahay    Answer:    _____Yes    _____No

    b.    Jeremy Gonzalez    Answer:    _____Yes    _____No

    c.    Daniel Clifford    Answer:    _____Yes    _____No

    d.    Tonya Boll    Answer:    _____Yes    _____No

    e.    Lisa Purcelli    Answer:    _____Yes    _____No

If you answered "no" to all parts of the above question, do not answer question 16. If you answered "yes" to any part of question 15, answer question 16.

**Question 16:**

What amount of punitive damages, if any, will punish the defendants who acted maliciously or in reckless disregard of Joseph Walker's rights and deter them and others from engaging in similar conduct in the future?

    Answer:  $_____

        (Amount)

Question 17:

Whether the city of Milwaukee had a custom of failing to train their officers in encountering individuals with mental health illnesses that caused a violation of the plaintiff's Fourth Amendment rights?

    Answer:_____

      (Yes/No)

If you answered "no" to questions 17 do not answer question 18. If you answered "yes" to either 17 answer question 18.

**Question 18:**

What amount of money will fully and fairly compensate plaintiff for the harm caused by the city of Milwaukee's custom of failing to train officers in encountering individuals with mental health crises?

    $_____

    (Amount)

**Special Interrogatories**

    a.    Was Joseph Walker having a mental health crisis?

        Answer: _____ Yes _____ No

    b.    Was Joseph Walker aware of police presence while he was outside on the porch.

        Answer: _____ Yes _____ No

    c.    Did officers give Joseph Walker commands to show his hands or drop the gun prior to discharging their firearm?

        Answer: _____ Yes _____ No

    d.    Did Joseph Walker move towards his mother's location before officers discharged their firearm?

        Answer: _____ Yes _____ No

# ATTACHMENT B

**Proposed Voir Dire**

a. Have you or any members of your family or close friends made a claim against any law enforcement department? Please briefly explain.

b. Have you had a particularly significant encounter or contact with police. If so, what were the circumstances? Would this cause you to possibly favor one side over the other in this case?

c. Have you read any negative online or print news about the Milwaukee Police Department in the last two years?

i. Would the content of the articles make it difficult for you to sit as an impartial juror?

d. Does anyone have a family member or a close friend who is a police officer or law enforcement officer? (If so, what is the nature of the employment)

e. Some of the witnesses, parties, lawyers, or other people involved with this case may have personal characteristics (such as race or religion) different from yours or similar. Would those differences or similarities make it difficult for you to decide this case impartially solely on the evidence on the law?

f. If the Plaintiff fails to establish or prove the Defendants were liable, will you be able to disregard any natural sympathy and be able to send the Plaintiff without awarding any monetary damages?

g. The judge will instruct you on the law as it applies to this case. Does everyone agree they will follow the instructions of the law on this case?

h. Have you, or any of your family or friends, even been detained by a law enforcement officer? If yes, please identify who has been detained and describe the circumstances of the detention.

i. Have you or anyone close to you ever taken courses or training in or worked in the field of mental health or with people who have mental health issues?

j. Have you or anyone in your family or close to you ever received counseling for any kind of emotional, psychological problem or for a mental illness of some kind?

Dated and signed at Milwaukee, Wisconsin, this 2nd day of October, 2023

TEARMAN SPENCER
City Attorney

/s/ Anthony Jackson
Anthony Jackson
Assistant City Attorney
State Bar No. 1090574
Clint Muche
Assistant City Attorney
State Bar No. 1131629
*Attorneys for Defendants*

ADDRESS:
200 E. Wells Street
800 City Hall
Milwaukee, WI 53202
Telephone: 414-286-2601
Email: lajack@milwaukee.gov

1032-2020-658/287442