**JOSEPH WALKER,**

    Plaintiff,

    v.                                                  Case No.  20-CV-487

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION *IN LIMINE* NO. 12

Jury trial in this § 1983 action is scheduled to begin on November 27, 2023. A central dispute in this case is whether plaintiff Joseph Walker had a gun on his person as he stood on his front porch when the police shot him and/or whether the police officers who shot Walker reasonably believed that he was armed on the porch. Walker asserts that he was not in possession of a gun on the porch at the time that he was shot. Defendants seek an instruction pursuant to *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008) to inform the jury that a Milwaukee County jury has already found that Walker possessed a firearm on the front porch at the time of the shooting when they convicted him of Disorderly Conduct While Possessing A Dangerous Weapon. For the reasons explained below, the defendants' Motion *in Limine* No. 12 is denied.

## BACKGROUND

In 2014, Walker was charged in a three-count information in Milwaukee County Case No. 2014CF1494. As relevant here, Walker was charged in Count One of the

Information with disorderly conduct with a use of a dangerous weapon modifier. (Docket # 98-2 at 1.) The Information charged Count One as follows:

> On or about Sunday, April 6, 2014, at 2659 South 15th Street, in the City of Milwaukee, Milwaukee County, Wisconsin, ***while in a public place***, the defendant Joseph Lee Walker did engage in abusive, violent, or otherwise disorderly conduct, under circumstances in which such conduct tended to cause a disturbance, contrary to sec. 947.01(1), 939.51(3)(b), 939.63(1)(A), Wisconsin Statutes.
>
> Further, that in committing this crime the defendant Joseph Walker was armed with a dangerous weapon.

(Docket # 98-4 at 2) (emphasis added). The jury instructions reiterated the language of the Information that Walker was charged with disorderly conduct while in a public place. (*Id.*) However, when instructing the jury regarding the statutory definition of the crime, the trial judge instructed the jury that disorderly conduct is defined in Wis. Stat. § 947.01 as a crime committed "by a person who, ***in a public or private place***, engages in violent . . . ." (*Id.* at 4) (emphasis added).

As to "dangerous weapon," the instructions further defined "dangerous weapon" as "any firearm, whether loaded or unloaded. A firearm is a weapon that acts by force of gunpowder. Before you may answer this question 'yes,' you must be satisfied beyond a reasonable doubt that the defendant committed the crime while possessing a dangerous weapon and possessed the dangerous weapon to facilitate the crime. If you are not so satisfied, you must answer the question 'no.'" (*Id.* at 6.)

During the jury instruction conference with the court, Walker's defense counsel raised the fact that the disorderly conduct instruction continued to include the language "public or private place," which mirrors the "normal statutory definition," when Walker was charged in the Information with disorderly conduct only in a public place. (Docket

2

# 98-13 at 2.) The assistant district attorney stated that he intended to move to amend the Information to include disorderly conduct in both a public or private place, arguing that the facts of the case support both. (*Id.* at 3.) The judge concluded as follows:

> I think that the doorstep is both, quite frankly. So I think that the Defense has been put on notice that it's at the doorstep, and that could be private, could be public. It could be both. So I think that the State would be allowed to have it in, public or private.

(*Id.*) Notwithstanding this exchange, it does not appear that the Information was amended to include disorderly conduct in both a public and private place. Moreover, the jury was instructed that Walker was charged in Count One of the Information with disorderly conduct "while in a public place" (Docket # 98-5 at 1; Docket # 98-4 at 2) despite also being instructed that the statutory definition of disorderly conduct includes conduct conducted in public or in private (Docket # 98-4 at 4).

Also relevant, the jury instructions as provided initially to the jury did not define "possession." (Docket # 98-4.) While deliberating, the jurors sent a question to the judge asking as follows:

> How do you define possession of a dangerous weapon? Is there some way of defining if it's within a certain vacinity [sic]? Can we see the pictures of the room and house and weapons?

(Docket # 103-2.) The judge then instructed the jury on possession as follows:

> Possession means that the defendant knowingly had actual physical control of the item.
>
> But an item is also in a person's possession if it is in an area over which the person has control, and the person intends to exercise control of the item.

(Docket # 103-3 at 1.)

Finally, in the verdict form, the jury found that:

3

> We, the jury, find defendant Joseph Lee Walker, Guilty of Disorderly Conduct, *as charged in Count One of the Information*.

(Docket # 98-10 at 1) (emphasis added). The jury also found that Walker committed disorderly conduct while possessing a dangerous weapon. (*Id.*)

## ANALYSIS

The defendants argue that Walker's § 1983 claims, which involve the same incident for which Walker was convicted of disorderly conduct while possessing a dangerous weapon, implicate *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a plaintiff cannot pursue a claim for relief that implies the invalidity of his state court criminal conviction unless that conviction has been set aside. *Id.* at 487. Defendants do not argue, however, that Walker is precluded from pursuing his § 1983 claim under *Heck*. Rather, Defendants seek what is known as a *Gilbert* instruction, named for the court's finding in *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008). In *Gilbert*, Gilbert alleged prison guards tripped him while transporting him to his cell. After returning to the cell, Gilbert alleged that the guards then wrenched his arm, separating his shoulder and gouging his skin. A prison disciplinary board found that Gilbert punched one of the guards while removing his cuffs through the chuckhole. Gilbert denied striking anyone and sued under § 1983 for an Eighth Amendment violation. The court determined that the proper course of action to allow Gilbert to tell his story and yet not run afoul of *Heck* was:

> [T]hrough instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence. It would have sufficed to tell the jurors that Gilbert struck the first blow during the fracas at the chuckhole, that any statements to the contrary by Gilbert (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner.

4

*Id.* at 902. In other words, although in his § 1983 case Gilbert continued to deny striking the guards, the *Gilbert* court found that Gilbert could not contradict the factual finding made by the prison disciplinary board that he did, in fact, strike the guards. The jury was left, then, with deciding whether the officers' alleged wrenching of his arm was excessive force.

In this case, the parties contend that an essential fact at issue is whether Walker had any weapons on or about his person as he stood on his front porch. During his state court trial, Walker took the position that he did not have a gun outside. (Docket # 98-9 at 5.) Walker continues to dispute that he had a gun outside, a fact I found contested during the parties' summary judgment briefings. (Docket # 65 at 16.) The defendants argue, however, that during Walker's disorderly conduct trial, the jury made the factual finding that Walker *did* have a gun on his person while standing on his porch; thus, like *Gilbert*, he should be precluded from arguing otherwise during his § 1983 case.

I disagree. First, a fair reading of the jury instructions and the verdict form support a finding that, as to Count One, the jury found that Walker committed the act of disorderly conduct while outside on his porch. While the trial judge instructed the jury that the statutory definition of "disorderly conduct" includes the "public or private," the court also specifically instructed the jury that Walker was charged with engaging in disorderly conduct while in public. Moreover, the jury's verdict form found him guilty of disorderly conduct "as charged in Count One of the Information," which charged disorderly conduct in public. The judge's statement that he believed that the porch was both public and private does not factor here as the jury was not privy to the judge's communication with counsel.

It is also clear that when the jury found Walker possessed a "dangerous weapon," based on how they were instructed, they found he possessed a "firearm, whether loaded or

5

unloaded." (Docket # 98-4 at 6.) Juries are presumed to follow the instructions given by the court. *State v. Dorsey*, 2018 WI 10, ¶ 55, 379 Wis. 2d 386, 423, 906 N.W.2d 158, 176.

It does not follow, however, that the jury necessarily found that Walker possessed a firearm on his person while outside on the porch. Defendants argue that when the court imposed its sentence, the judge stated that he believed the officers' testimony that while on the porch, Walker was holding his sweater in such a way that would imply he had a gun. (Docket # 109 at 2, citing Docket # 98-9 at 8.) The judge stated that his theory of how the gun was recovered from inside the house without a trail of blood being found between the door and the bedroom is that Walker "just slid the gun across the - - across the floor and into the bedroom. That's my explanation." (*Id.*)

But the *Heck/Gilbert* inquiry is not on the judge's theory of the case, but on what the jury found. Here, as to possession, the jury was instructed that "possession" can be actual or constructive:

> Possession means that the defendant knowingly had actual physical control of the item.
>
> But an item is also in a person's possession if it is in an area over which the person has control, and the person intends to exercise control of the item.

(Docket # 103-3 at 1.) This instruction was in response to the jury's inquiry regarding whether possession can be "within a certain vicinity" and asking to see pictures of the room and the house. (Docket # 103-2.) Based on this instruction, while the jury could have found that Walker was guilty of disorderly conduct while possessing a gun outside on his porch, the jury could have just as well found that Walker was guilty of disorderly conduct while constructively possessing firearms inside his house while he was out on the porch. On this record, because the jury could have made a finding of either actual physical possession

6

(possession on Walker's person) or of constructive possession (possession within an area over which Walker had control), the defendants have not shown that the Milwaukee County jury already found that Walker, while on the porch, possessed a firearm on his person. For these reasons, a *Gilbert* instruction is not warranted in this case. Defendants' Motion *in Limine* No. 12 is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion *in Limine* No. 12 (Docket # 98) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge