UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH WALKER

                        Plaintiff,

v.                                                                         Case No. 20CV487

CITY OF MILWAUKEE, *et al.*,,

                        Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEGAL FEES AND COSTS PURSUANT TO 42 U.S.C. §1988**

---

      The Defendants, by their attorneys, Tearman Spencer, City Attorney, Anthony Jackson, Assistant City Attorney, and Clint Muche, Assistant City Attorney hereby respond to the Plaintiff's Motion for Legal Fees (ECF No. 130). Following a jury verdict (ECF No. 123) against the Defendants, the Plaintiff seeks $314,576.00 in attorneys' fees, $54,625.65 in costs, and an enhanced fee in $104,848.18, for a total award of $474.049.88. The Defendants are filing a response pursuant to Civil L. R. 7, however due to a pending post-trial Motion for Judgment as a Matter of Law (ECF No. 138), a decision from this Court as to the Plaintiff's Petition for Fees may be premature. Notwithstanding the Defendants' post-trial motion, if this Court were to determine a proper fee amount this Court should significantly amend the Plaintiff's lodestar figure to reflect the reasonable expenditure of the legal work at an appropriate rate.

### ANALYSIS

      Courts apply the "lodestar method" to determine a reasonable fee amount under § 1988. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 422 (1983). Under that method the court must determine a base amount (the "lodestar") by multiplying the reasonable hours counsel expended on a case by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The party seeking attorneys' fees has the burden of submitting evidence establishing the reasonable hours and reasonable hourly rate the court should use to calculate the lodestar and determine an appropriate fee amount. *Id.*

1

Under *Hensley*, it is the prevailing party's burden to establish the fees sought are reasonable:

> [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley*, 461 U.S. at 437. In evaluating whether the requested fees are reasonable, "the district court generally begins . . . by computing the 'lodestar': the product of [1] the hours reasonably expended on the case multiplied by [2] a reasonable hourly rate." *Montanez*, 755 F.3d at 553.

First, the district court must determine whether the hours were "reasonably expended." *Seek Hensley*, 461 U.S. at 434. As such, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from . . . fee submission[s]." *Id*.

Next, the court must determine whether the hourly rate is reasonable. *See Montanez*, 755 F.3d at 553–54. "A reasonable hourly rate is based on the local market rate for the attorney's services." *Id*. (emphasis added). In turn, the local market rate is the rate that lawyers of like experience and skill in a given community (Milwaukee, in this case) charge paying clients for the type of work in question. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). The party seeking the fee award bears the burden of establishing the local market rate for the work, and if that party fails to carry that burden, the court may make its own determination of a reasonable rate. *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 982–83 (N.D. Ill. 2012). If the court "decides that the proffered rate overstates the value of an attorney's services, it may lower them accordingly." *Mathur v. Bd. of Trustees of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003).

In this case, the Plaintiff's motion for legal fees should be adjusted for the reasons below.

a.  **Plaintiff's Hourly Rates are Excessive and Should be Reduced**

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 58 (7th Cir. 2014). The Seventh Circuit explained:

> The best evidence of the market rate is **the amount the attorney actually bills for similar work,** but if that rate can't be determined then the district court may rely on evidence of rates charged by **similarly experienced attorneys** in the community and evidence of rates set for the **attorney in similar cases**. . . . . The party seeking the fee award bears the burden of establishing the market rate for the work; **if the lawyers fail to carry that burden, the district court**

2

**<u>can independently determine the appropriate rate</u>**. *Id.*

But self-serving affidavits that simply assert an attorney's worth in a conclusory fashion without providing any other evidence of comparable rates received by comparable attorneys in the same area of practice are insufficient to establish the attorney's market. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). In this case, the hourly rates proposed by for the Plaintiff's trial attorneys are excessive and should be reduced.

Plaintiff requests a rate of $300-$350 for Emil Ovbiagele, $275.00-$300.000 for Samantha Baker, and $505.05 for Nathaniel Cade. The Plaintiff has submitted the affidavits of two attorneys on behalf of OVB Law & Consulting, S.C. Neither affidavit from Attorney Thomsen or Woody is helpful given the lack of comparable education, experience, and accomplishments. "The relevant reference point for determining the market rate is the amount charged by attorneys of comparable skill, experience, and reputation for similar work." *Gautreaux v. Chicago Housing Authl,* 491 F.3d 649, 659 (7th Cir. 2007). The Seventh Circuit has previously criticized third party affidavits that merely opine on the market rate. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 895 (7th Cir. 2001). Instead, the Seventh Circuit has indicated a preference for affidavits that provide evidence as to what comparable attorneys *actually* charge for similar services. Attorney Woody's affidavit indicates he represents parties in complex federal litigation, and provides fee requests for federal ERISA matters, and has more than nineteen years of experience, however his work is significantly different and more complex than civil rights litigation. Similarly, the affidavit of Mark Thomsen, who has more than thirty-six years of experience and represents plaintiffs in civil rights law, is not helpful in determining a reasonable market rate as it does *not* identify the hourly rate the affiant charges for civil rights work.

The Defendants would direct this Court instead to a recent § 1983 case, where a court in this District awarded a fee petition under 42 U.S.C. § 1988. In *Froemming v. Carlson*, No., 2023 WL 6215371 (E.D. Wis. August 14, 2023), Judge Stadtmueller found $250 to be a reasonable market fee for the defense attorneys without any objection from the plaintiff. An internet search of the lead municipal attorney for the defendants on *Froemming v. Carlson* reveals that he had more than fifteen years of experience representing Wisconsin cities, justifying a market rate of $250.00. Acknowledging and comparing Attorney Ovbiagele and Mrs. Baker's skill and experience of more than nine and five years respectively, the Defendants believe that an appropriate hourly rate of $225 is reasonable for Mr. Ovbgiagele and $200 for

3

Mrs. Baker. Both rates are not a modest amount, and at the very least are still adequate for even highly experienced attorneys.

Additionally, the Plaintiff has presented little evidence justifying the proposed rate for the other attorneys within OVB Law & Consulting, S.C. that performed work on the case, and it is *his* burden to do so. Neither Attorney Connor Dart or Attorney Megan Mirka provided their own declarations and there is no information indicating their trial or litigation experience (even whether they have any). The Defendants suggest an hourly rate of $150.00 would be reasonable for Attorney Dart and Mirka given their experience as recent law graduates from 2023 and 2021. There is also limited information reflecting the experience from former attorney Alyssa Brown, a 2018 law graduate. Defendants submit a rate of $200 would be appropriate for Attorney Brown given her limited civil litigation experience, as Defendants are aware Attorney Brown was a prosecutor in Milwaukee County before making her appearance on this case.

Finally, the Defendants contend that Attorney Cade has failed to meet his burden to justify a rate of $505.00 and that a market hourly rate of $425.00 is more appropriate. Like Attorney Ovbiagele and Baker, Attorney Cade has failed to demonstrate that his required rate is in line with the market for similar services by lawyers of reasonable comparable skill, experience, and reputation. The Seventh Circuit has indicated that an appropriate measure of market rate for Plaintiff's counsel is the rate they have actually been awarded in litigating civil rights cases. *Denius v. Dunlap*, 330 F. 3d 919, 930 (7th Cir. 2003) (awarding actual rate previously awarded in civil rights cases over counsel's rate set forth in affidavits.)

In his affidavit, Attorney Cade references he has tried more than 40 cases throughout the state and in federal court, including a November 2021 breach of contract case before this Court. Despite his experience, he has not identified a specific rate he has received on prior civil rights cases. Although significantly different than the case at hand, in a recent civil rights case a judge in this District awarded Attorney Cade an hourly rate of $237. *See Spencer v. Vagnini*, 2023 WL 619367, * 11 (E.D. Wis. Sept. 19, 2023). The Defendants recognize that the legal fee in that case was altered and capped by the Prison Litigation Reform Act (PLRA), which is not applicable to the case in hand.

However, the Defendants do note that Attorney Cade was trial counsel in civil docket case 2:14-cv-01002 *Harris, Jimmy v. City of Milwaukee*, and he did petition the court for fees based on an hourly amount of $425, in March 2020. The City did not contest the fees and reached a

4

stipulation. Accordingly using this prior case as reference where the city did not object to the fee petition, Defendants submit that the hourly rate of $425 would be appropriate for Attorney Cade.

The Defendants also maintain that the Plaintiff has not met his burden to justify the fee rate for the other associates within Cade Law Group who worked on his case, including Attorney Bedder and Pusick (neither provided any affidavits or declarations). The Defendants suggest a fee rate of $175 would be appropriate for both attorneys who graduated in 2021 and based on the limited information as to their litigation and trial experience.

### b.  Plaintiff's Attorneys' Fees are Attributable to Hours not Reasonably Expended and Should be Significantly Reduced

Defendants assert that many of the time entries for the Plaintiffs' attorneys reflect hours that are "unnecessary, duplicative, excessive, or improperly documented" as vague block entries, all of which this Court should eliminate or substantially reduce. *See Montanez*, 755 F.3d at 555. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Attorney activities that are unnecessary, excessive, or vague as to provide any meaningful insight into whether the hours expended were reasonable should be excluded from an award of fees.

Many billing entries account for hours that are excessive in relation to the work performed. "[E]excessive time, not reasonably billed to one's own client cannot be billed to an adversary through a fee-shifting statute. *Jardien v. Winston Network, Inc.*, 888 F.3d 1151, 1159 n. 10, 1160 ( 7 th Cir. 1989). Defendants maintain that there was an excessive amount of time conducting legal research, drafting motions and briefs, and reviewing documents.

In the interest of practicality and judicial economy, Defendants have noted their objections below, using the tables as constructed by Plaintiff's counsel:

OVB invoice

| Date | Type | Description | Hours | Initials | Rate | Total |
|---|---|---|---|---|---|---|
| 05/03/2022 | Service | A103 Draft/revise P300 Structure/Strategy/Analysis: Reviewed all CAD reports and updated discovery template. Searched through discovery. Read emails from Attorney Huddleston regarding discovery requests. Drafted an email to Asst. City Attorney Anthony Jackson in regards to missing discovery. Corresponded with Austin to get a copy of Plaintiff's First Set of Written Interrogatories, Demand for Production of Documents, and Request for Admissions from Mr. Walker. Sent email to Asst. City Attorney Anthony Jackson. **Objection excessive for work described** | 6.50 | AB | $250.00 | $1,625.00 |

5

| Date | Type | Description | Hours | Initials | Rate | Total |
|---|---|---|---|---|---|---|
| 10/06/2022 | Service | Review: Prepare for Mahay deposition by reviewing records and discovery. **Excessive for work described** | 9.50 | OEO | $300.00 | $2,850.00 |
| 06/08/2022 | Service | A104 Review/analyze L110 Fact Investigation/Development: Review and analyze discovery material and create chart for attorney review. **Excessive for work described** | 5.00 | JO | $120.00 | $600.00 |
| 06/09/2022 | Service | A104 Review/analyze L110 Fact Investigation/Development: Review and analyze discovery material for attorney review. **Excessive for work described and duplicative** | 5.00 | JO | $120.00 | $600.00 |
| 06/10/2022 | Service | A104 Review/analyze L110 Fact Investigation/Development: Review discovery material for attorney review. **Excessive for work performed** | 5.00 | JO | $120.00 | $600.00 |
| 10/18/2022 | Service | A101 Plan and prepare for L330 Depositions: Prepare for PO Clifford deposition by reviewing records and discovery **Excessive for Work described** | 9.50 | OEO | $300.00 | $2,850.00 |
| 06/30/2022 | Service | A110 Manage data/files L310 Written Discovery: Finalize discovery binders. **Excessive and vague.** | 3.00 | AB | $120.00 | $360.00 |
| 07/11/2022 | Service | A104 Review/analyze C200 Researching Law: Revised Interrogatories, Bate Stamped production, compiled folder of documents to be submitted with interrogatories. Sent emails to Attorney Jackson regarding filing. **Excessive.** | 5.00 | AB | $250.00 | $1,250.00 |
| 09/30/2022 | Service | Compile: Compiled Walker Deposition Book and developed sample questions for SHB. **Objection Excessive for work described** | 8.00 | AB | $250.00 | $2,000.00 |
| 01/04/2023 | Service | A101 Plan and prepare for L330 Depositions: Prepare for deposition of tanya boll's by reviewing matter notes and Materials. E**xcessive for work described** | 4.50 | OEO | $350.00 | $1,575.00 |

6

| Date | Type | Description | Hours | Atty | Rate | Amount |
|---|---|---|---|---|---|---|
| 01/05/2023 | Service | A101 Plan and prepare for L330 Depositions: Continue preparing for deposition of Tanya Boll's by reviewing matter notes and materials. **Excessive for work described.** | 5.10 | OEO | $350.00 | $1,785.00 |
| 07/05/2023 | Service | Research: Research - A review and analysis of federal and Wisconsin case law on the evidentiary standards for admissibility of prior criminal convictions or acts in civil cases. **Excessive for Work described** | 4.00 | SW | $120.00 | $480.00 |
| 07/06/2023 | Service | Research: Research - A review and analysis of federal and Wisconsin case law on the evidentiary standards for admissibility of prior criminal convictions or acts in civil cases. **Duplicative and Excessive for Work described** | 4.00 | SW | $120.00 | $480.00 |
| 08/08/2023 | Service | Research - FRCP for Walker **Objection Vague** | 2.00 | SW | $120.00 | $240.00 |
| 10/23/2022 | Service | Email/Phone Call: Research SOL issue; Draft correspondence to OC re same. **Objection excessive for work described** | 1.80 | OEO | $300.00 | $540.00 |
| 01/04/2023 | Service | A101 Plan and prepare for L330 Depositions: Prepare for deposition of tanya boll's by reviewing matter notes and Materials. **Excessive for work described.** | 4.50 | OEO | $350.00 | $1,575.00 |
| 01/05/2023 | Service | A101 Plan and prepare for L330 Depositions: Continue preparing for deposition of Tanya Boll's by reviewing matter notes and materials. **Objection excessive for work described and duplicative. Defendants note that the deposition of Tanya Boll was scheduled at 9:30 a.m. Maybe "He (counsel) was an early riser."** | 5.10 | OEO | $350.00 | $1,785.00 |
| 10/24/2023 | Service | A102 Research L440 Other Trial Preparation and Support: Research applicability of Res Judicata/Collateral Estoppel as it relates to prior criminal convictions in 1983 cases; research issue of waiver of affirmative defenses **Excessive for work described** | 4.00 | OEO | $350.00 | $1,400.00 |

7

| 11/20/2023 | Service | A103 Draft/revise L440 Other Trial Preparation and Support: Research Heck and Gilbert issues as instructed by court; Review and analyze criminal trial transcript re issue preclusion issue; Begin drafting response brief for MIL on Preclusion. **Objection Excessive for worked performed. Defendants note that Annalisa Pusic from Cade Law Group on 11/21/2023 conducted similar work and advised the OVB team (2.10 hours)** | 7.00 | OEO | $350.00 | $2,450.00 |

Cade Law Group invoice

- 11/13/2023 research defendant police officers (2.2) **Objection vague and excessive for worked performed.**
- 11/26/2023 review Batson case law for jury selection (2.8) Objection **excessive for worked performed.** Batson case law is well established and does not warrant such excessive time.

The Defendants submit that granting a full recovery for the hours objected to above would be excessive and that the Court use their discretion in reducing the hours.

### c. Legal fees for work regarding the unsuccessful *Monell* claim should not be awarded.

Defendants object to each of the entries that describe work on unsuccessful claims. *See Hensley*, 461 U.S. at 435 ("[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." (internal quotations omitted)). "Where the hours spent on successful claims can easily be distinguished from those spent on unsuccessful claims, the court can simply strike the latter entries when computing the lodestar." *Montanez*, 755 F.3d at 553.

Plaintiff improperly seeks legal fees for work conducted on the *Monell* claim that was ultimately unsuccessful at trial. The Plaintiff's claim against the city of Milwaukee for a policy of failure to train its officers was distinctly different than the Fourth Amendment excessive force and failure to intervene claims, which involved different facts and testimony. The testimony of Karen Dubuis who provided a lengthy historical perspective on the Milwaukee Police Department's critical intervention training in the years preceding and after the incident was not essential for the excessive force and failure to intervene claim. Ms. Dubuis' testimony and the *Monell* claim do not arise from the same common core of facts as the Plaintiff's other claims against the Defendant officers. Thus, at a minimum, all fees related to the *Monell* claim including references to FRCP 30(b)(6) depositions should be disregarded as those depositions

8

were never conducted. Defendants have attempted to comb through the invoice and identify entries related to the *Monell* claim and contend the following entries from OVB Law & Consulting, S.C. be stricken:

- 9/11/2022 A 103 Draft/revise C400 Third Party Communication. (.30 hours).
- 9/12/2022 Review analyze L. 390 Other Discovery: Review and analyze SOPS produced by the City of Milwaukee. (1.00 hours).
- 9/12/2022 A103 Draft/revise C100 Fact Gathering: Revised 30(b)(6) motion. (1.00 hours)
- 9/12/2022 A 103 Draft/revise L330 Depositions: Finalize deposition notices and send over to OC. (.80 hours)
- 9/22/2022 A108 Communicate (other external) L330 Depositions: Schedule depositions for Mahay, Clifford, Purcelli, and **Schmitz**. (.40 hours) (Schmitz was never deposed)
- All entries from 3/1/2023 to 3/6/2023. (none of the named individuals were deposed and thus have no impact on any claim where Plaintiff prevailed).
- 3/9/2023 A 108 Communicate L330 Depositions: Communication via phone call to Cream City to cancel 30 (6)(b) depositions (.10 hours).
- 11/22/2023 Email/Phone Call: Phone Call with Karen Dubis re witness Prep (1.10 hours).

### d. **Overstaffing the Case should lead to a reduction of the lodestar**

Almost three weeks before the trial, OVB Law & Consulting, S.C. hired Cade Law Group, led by Attorney Cade and his associates Annalisa Pusick and Madison Bedder. At this point, OVB Law & Consulting, S.C. was already litigating the case with *four* active attorneys (two partners and two associates), including Mr. Ovbiagele, Mrs. Baker, Mr. Dartt, Ms. Mirk and former Attorney Allysa Brown. Courts within the 7th Circuit have exercised their discretion to reduce the number of hours claimed by an attorney added to the trial team shortly before trial. *See LaSalvia v. City of Evanston*, No. 10CV 3076, 2012 WL 2502703, at *2 (N.D. Ill. June 28, 2012) (reducing the number of one lawyer's billable hours from 56.25 to 9 for being an "unreasonable duplication of attorney efforts"). While a "plaintiff may staff his case as he will," a plaintiff may not "ask his opponent to subsidize staffing decisions that inevitably and needlessly proliferate costs." *Richardson v. City of Chicago*, No. 08 CV 4824, 2012 WL 6185867, at * 18 (N.D. Ill. Nov. 20, 2012) (report and recommendation of fee award). To combat the tendency for law firms to overstaff cases, judges are encouraged to scrutinize fee

9

petitions for duplicative billing. *Schlacher v. Law Officers of Phillip J. Rotche & Assoc.*, P.C. 574 F.3d 852, 858 (7th Cir. 2009).

Plaintiff's staffing decision are simply excessive, and the number of hours reasonably billed should be reduced. Attorneys Cade, Ovbiagele, and Baker were the attorneys at counsel table, but there is no reason why the Plaintiff needed three additional attorneys from the respective law firms present and a paralegal during the trial in the courtroom. The Defendants move to strike the billing entries during the week of the trial for Attorney Connor Dartt, Annalisa Pusick, Madison Bedder and paralegal Austin Baldwin. The Defendants also submit that a 15% reduction of fees is appropriate, as three trial attorneys were not needed for the trial that progressed for five days (one to two days longer than Plaintiff expected in his pre-trial report), on straightforward claims of excessive force, failure to intervene and a *Monell* claim all which stem from well-developed body of law. *See Jardien v. Winston Net., Inc.*, 888 F.3d 1151, 1160 (7th Cir. 1989) (observing that the fee applicant must demonstrate why the work of a second attorney is "fully justified).

There are other examples of overstaffing where three attorneys from OVB Law & Consulting, S.C., handled the same task of drafting pre-trial documents, (see entries 10/1/2023 to 10/2/2023 in Exhibit B (ECF No. 131-2), on pages 28 and 29). The 32.4 hours spent among three attorneys (two partners and one associate) to prepare pre-trial documents was duplicative and unnecessary. In applying *Hensley*, a district court in the Seventh Circuit determined in a Section 1983 case that it was not necessary to have four attorneys drafting and reviving the complaint, six attorneys drafting a response to a motion to dismiss, and five attorneys preparing a motion for preliminary injunction. *National Foreign Trade Council, Inc., v. Giannoulias*, No 06 C 4251, 2007 WL 2688454, at * (N.D. Ill. Sept. 7 2007).

Similar to the preceding argument, the Defendants contend the Plaintiff's response to the city's motion for summary judgment which required multiple attorneys was an unnecessary expense the city should not have to bear. Attorney Ovbiagele, Attorney Baker, Mr. Dart (who was a law clerk at the time), as well other support staff worked on the Plaintiff's summary judgment responsive brief starting from 1/23/2023 to 2/23/2023. The Defendants would request that the Court exercise their discretion in reducing the fees from the Plaintiff to reflect the inefficiency of having multiple attorneys work on the same task involving pre-trial documents and a summary judgment response.

10

### e. The Outcome of the Case does not Justify a Fee Enhancement

The Plaintiff asserts that the size of his victory justifies an enhancement of the lodestar. This request should be denied. Enhancements to the lodestar may be awarded only in "rare and exceptional circumstances," must be supported by "specific evidence" provided by the fee applicant and may not be based on the complexity of the case, the lawyer's performance, or other factors already considered in the lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). A court must "look at the difference between the judgment recovered and the recovery sought, the significance of the legal issues on which the plaintiff prevailed, and finally, the public purpose served by the litigation. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997).

The Plaintiff points to the size of the verdict to justify an enhancement and the fact that the public interest can be served by the police misconduct through deterrence. However, in nearly all Section 1983 cases where a plaintiff prevails, it can be observed that the public interest can be served by "exposing to light disturbing police malfeasance and grave municipal institutional failures." *Robinson v. City of Harvey*, 489 F.3d. Although Plaintiff regrettably was shot, the jury rejected the *Monell claim,* and the facts here are limited to the Plaintiff's particular case and the particular officers involved, and has minimal impact on the public interest at large. The incident arose nearly ten years ago and as an evident via the testimony of Karen Dubuis the Milwaukee Police Department has undergone changes as to how to better train officers in dealing with a person who is experiencing a mental health crisis. The judgment may be meaningful for the Plaintiff, but there is no wider public interest effect to justify an enhancement.

Furthermore, the Plaintiff's argument that the City acted in bad faith to justify an increase in fees is not supported by the record. The Seventh Circuit has held that "the good faith of the defendant is irrelevant "to an attorney's fees determination under § 1988. *See Lampher v. Zagel*, 755 F. 2d 99, 104 (7th Cir. 1985). The City Attorney's office attempt to resolve the matter during mediation with an offer of $300,000 and then with a Rule 68 offer of judgment does not reflect bad faith in negotiation. The City should not be punished for a fee enhancement based on the Plaintiff's dismay the case did not settle despite his demand of $3.5 million dollars. If legal fees were enhanced merely because the parties failed to reach an agreement and due to the Plaintiff's disappointment, municipalities like the City of Milwaukee, would be discouraged from defending a case at trial, when there are legitimate justifications to do so, like the case in hand. In this case, the jury did award a greater judgment than the city's mediation offer. However, the

11

fact that the recovery was greater than the city's offer does not show that the city acted in bad faith to justify a fee enhancement. The city engaged in a reasonable and calculated valuation of the case. This case there were disputed issues of material fact such that a jury needed to decide the issues. The trial was a classic case of credibility of the parties based upon two competing stories.

### f. Plaintiff's Claimed expenses

Plaintiff seeks $54,625.65 for costs incurred throughout this case. The amounts related to the experts are without proper documentation for seeking reimbursement and are unreasonable and excessive.

- Plaintiff's attempt to recoup costs in the amount of $8775.00 for Brian Landers and $9774.22 for his trial appearance should be denied as excessive. There is nothing in the record indicating this amount is reasonable, nor should the city pay for his time for observing aspects of the trial, much of which did not relate to the scope of his testimony.
- Plaintiff's attempt to recoup $9282.25 for expert Beth Brant should be denied as excessive. There is nothing in the record indicating this amount is reasonable.
- Plaintiff's attempt to recoup $800.00 for expert Doctor James Black should be denied as excessive. The amount related to this request is without any documentation and should be denied as excessive and unreasonable.

Finally, Defendants challenge Attorney Cade's transportation costs to and from the court house during the course of the trial and challenge reimbursement for lunch on 11/27/2023. Defendants are unaware of any legal authority to authorize recovery of such costs and believe they should be stricken.

### CONCLUSION

Based on the reasons articulated above, the Defendants respectfully request that this Court reduce the Plaintiff's award of legal fees.

Dated and signed at Milwaukee, Wisconsin this 4th day of January 2024

12

          Attorneys for Defendants
          TEARMAN SPENCER
          City Attorney

          <u>/s/ Anthony Jackson</u>
          ANTHONY JACKSON
          Wisconsin State Bar No 1090574
          Assistant City Attorney

          <u>/s/ Clint B. Muche</u>
          CLINT MUCHE
          Wisconsin State Bar No. 1131629
          Assistant City Attorney

<u>P.O. ADDRESS</u>:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-8014
Fax: (414) 286-8550
lajack@milwaukee.gov
cmuche@milwaukee.gov


1032-2020-658/289213