UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH WALKER,

    Plaintiff,

    v.                                                               Case No. 20-CV-487

CITY OF MILWAUKEE, et al.,

    Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

---

    Following a week-long jury trial, on December 1, 2023, the jury returned a verdict in favor of the plaintiff, Joseph Walker, and against the Defendants, MPD Sergeant Tanya Boll and MPD Officers Balbir Mahay, Jeremy Gonzalez, Daniel Clifford, and Lisa Purcelli, on his excessive force and failure to intervene claims pursuant to 42 U.S.C. § 1983. (Docket # 123.) Walker was awarded $1 million in compensatory damages on each claim. (*Id.*) The jury determined, however, that Walker did not prove that punitive damages should be assessed as to either claim. (*Id.*) The jury found in favor of the City of Milwaukee on Walker's failure to train claim. (*Id.*)

    Defendants now move to renew their motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) as to the failure to intervene claim against the individual officers. (Docket # 138.) For the reasons explained below, Defendants' motion is denied.

### LEGAL STANDARD

    Federal Rule of Civil Procedure 50 provides that judgment may be entered against a party who has been fully heard on an issue during a jury trial if a "'reasonable jury would

not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012) (quoting Fed. R. Civ. P. 50(a) (motion for judgment as a matter of law), (b) (renewed motion for judgment as a matter of law)). In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence. *Id.* The court does not make credibility determinations or weigh the evidence. *Id.* Although the court reviews the entire record, the court "'must disregard all evidence favorable to the moving party that the jury [was] not required to believe.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000)).

## ANALYSIS

Defendants argue that the evidence adduced at trial failed to provide a sufficient evidentiary basis on which a rational jury could have found in Walker's favor on his failure to intervene claim. Defendants further argue that they are entitled to judgment as a matter of law on the basis of qualified immunity. I will address each argument in turn.

   1.   *Failure to Intervene*

The jury found that Walker proved that Gonzalez, Mahay, Clifford, and Boll used excessive force against him when he was shot on April 6, 2014. (Docket # 123.) Defendants do not challenge this finding in the present motion. They challenge, however, the sufficiency of the evidence for the failure to intervene claim. Specifically, they argue that based on the evidence adduced at trial, no reasonable jury could have found that the defendants knew the officers were committing a constitutional violation. I disagree. A police officer can be held liable under § 1983 for failing to prevent a fellow officer from violating a

plaintiff's rights if the plaintiff can show that the officer: (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

The defendants argue that there was insufficient evidence to support a jury's finding that the individual officers knew that the constitutional violation (i.e., the excessive force) was about to occur, either at the time of planning to lure Walker out of the house or when the officers subsequently learned that Walker was not coming outside to retrieve the Ambien. The evidence shows that prior to Walker's shooting, the officers knew that they were walking into a potentially volatile situation with an individual experiencing a mental health crisis and who was known to own multiple firearms. The officers knew that Walker's mother, Luann Will, called law enforcement stating that her son was having Ambien withdrawals and that he was threatening to kill both himself and her if she did not get him his medication. (*See* Purcelli Testimony, Nov. 27 Draft Tr. at 4–7; Boll Testimony, Nov. 29 Draft Tr. at 48, 109.) Sergeant Boll testified that Will appeared "very afraid" of Walker. (Boll Testimony, Nov. 29 Draft Tr. at 109.) The officers knew that Walker owned multiple firearms, including an AK47, a 9-millimeter pistol, and a shotgun, and that the firearms were loaded and easily accessible to him. (*See* Purcelli Testimony, Nov. 27 Draft Tr. at 4–7; Boll Testimony, Nov. 29 Draft Tr. at 48; Clifford Testimony, Nov. 28 Draft Tr. at 145; Mahay Testimony, Nov. 28 Draft Tr. at 96, 111.) And the officers were aware of the plan to lure Walker out of the house using Will and the promise of Ambien pills. (Purcelli Testimony, Nov. 27 Draft Tr. at 14–15; Clifford Testimony, Nov. 28 Draft Tr. at 154; Mahay Testimony, Nov. 28 Draft Tr. at 63–65; Boll Testimony, Nov. 29 Draft Tr. at 52–53;

3

Gonzalez Testimony, Nov. 29 Draft Tr. at 164–65.) Thus, sufficient evidence exists for the jury to find the individual officers knew the constitutional violation was about to occur.

Defendants further argue that the evidence does not support that the individual officers had a reasonable opportunity to intervene "during the few seconds while shots were fired." (Docket # 138 at 4–6.) However, the reasonableness of a seizure through use of deadly force is not limited to the precise moment when the officer fires his or her weapon—the actions of the officers that led to the shooting are relevant. *Brown v. Blanchard*, 31 F. Supp. 3d 1003, 1010 (E.D. Wis. 2014), *aff'd sub nom. Williams v. Indiana State Police Dep't*, 797 F.3d 468 (7th Cir. 2015). The jury heard evidence that the officers were on the scene for approximately forty-three minutes before Walker was shot. (Boll Testimony, Nov. 29 Draft Tr. at 54.) During this time, the officers were aware that Walker was experiencing a mental health crisis, that Walker threatened Will's life, and that Walker had access to firearms. In finding that the evidence supported a failure to intervene claim, the court in *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994), stated that the bystander officer in that case could have "called for a backup, called for help, or at least cautioned" his fellow officer to stop the constitutional violation of the plaintiff's rights. *See id.* at 285. The jury heard testimony that despite their awareness of Walker's mental health crisis, none of the officers questioned the propriety of using Will, the alleged target of Walker's threats, as bait to lure Walker out of the house. Thus, the jury had a legally sufficient evidentiary basis to find that the officers had a reasonable opportunity to intervene but failed to do so. For these reasons, Defendants' motion is denied.

2. *Qualified Immunity*

Defendants further argue that they are entitled to judgment as a matter of law based on qualified immunity. The doctrine of qualified immunity is an affirmative defense to allegations that a state official violated the constitutional rights of a plaintiff. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). The defense is available only to state officials who occupy positions with discretionary or policymaking authority, and it protects those individuals solely when they are acting in their official capacity. *Id.* "These officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* To evaluate a claim of qualified immunity, courts engage in a two-step analysis. *Id.* First, the court must determine whether the plaintiff's claim states a violation of his constitutional rights. *Id.* Then, the court must determine whether those rights were clearly established at the time the violation occurred. *Id.* If the rights were clearly established, the official may be liable for monetary damages and the suit proceeds to the next stage. *Id.* If the rights were not clearly established, then the official is immune from suit and the claim is dismissed. *Id.*

The plaintiff bears the burden to demonstrate the existence of a clearly established constitutional right. *Id.* A clearly established right is one:

> Where [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. To determine whether a right is clearly established, we look first to controlling Supreme Court precedent and our own circuit decisions on the issue. Because there is an almost infinite variety of factual scenarios that may be brought into the courtroom, a plaintiff need not point to cases that are identical to the presently alleged constitutional violation. However, the contours of the right must have been established so that the unlawfulness of the defendant's conduct would have been apparent in light of existing law.

5

*Id.* (internal quotations and citations omitted). While Defendants acknowledge that it is "well-established that officers may not unreasonably use deadly force in apprehending a suspect," they argue that the particular circumstances of this case are unique because there was no way for the officers to anticipate without the benefit of hindsight that the plan to lure Walker out of the house would result in excessive force. (Docket # 138 at 7–8.)

I disagree. The Seventh Circuit has specifically found that officers "who unreasonably create a physically threatening situation in the midst of a Fourth Amendment seizure cannot be immunized for the use of deadly force." *Est. of Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir. 1993). And there was sufficient evidence adduced at trial for the jury to find that the officers unreasonably created the physically threatening situation that led to Walker's shooting. Again, the evidence showed the officers knew Walker owned and had access to firearms, knew he had threatened Will's life and his own, and knew he was experiencing a mental health crisis when they used Will, who officers described as appearing "very afraid" of Walker, to lure Walker out of the house with the promise of Ambien. Thus, it would have been obvious to a reasonable officer in the defendants' positions that using a victim who was recently threatened with violence as bait to lure out the person who allegedly threatened her and who the officers believed to own and have access to firearms unreasonably created a situation calling for the need to use deadly force. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (stating that "officials can still be on notice that their conduct violates established law even in novel factual circumstances"). For these reasons, the officers are not entitled to judgment as a matter of law based on qualified immunity.

## CONCLUSION

In deciding a motion for judgment as a matter of law under Fed. R. Civ. P. 50, I must construe the evidence strictly in favor of the party who prevailed before the jury and examine the evidence only to determine whether the jury's verdict could reasonably be based on that evidence. I must not make credibility determinations or weigh the evidence. Considering all the evidence in the light most favorable to Walker, I find that the jury had a legally sufficient evidentiary basis to find in Walker's favor on his failure to intervene claim under 42 U.S.C. § 1983. I further find the defendants are not entitled to qualified immunity. Thus, Defendants' renewed motion for judgment as a matter of law is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Renewed Motion for Judgment as a Matter of Law (Docket # 138) is **DENIED**. The Clerk of Court will enter judgment consistent with the jury's verdict in this case.

Dated at Milwaukee, Wisconsin this 27th day of March, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge