# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH WALKER,**

    Plaintiff,

    v.                                                       Case No. 20-CV-487

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## ORDER CLARIFYING JULY 29, 2024 ORDER

On July 29, 2024, I granted the Defendants' motion to post bond pursuant to Fed. R. Civ. P. 62(b) on behalf of the individual defendants in this case. (Docket # 168.) Plaintiff has filed an expedited motion seeking clarification of the July 29 Order. (Docket # 172.) Plaintiff argues that the Court failed to set a deadline by which Defendants must pay the funds into the Clerk of Court as well as failed to set an amount for the bond. (*Id.* at 1–2.)

The requisite date by which Defendants must pay the funds into the Clerk of Court is governed by Fed. R. Civ. P. 62. An amended judgment was entered in this case on July 30, 2024. (Docket # 169.) Fed. R. Civ. P. 62(a) provides that execution on a judgment and proceedings to enforce are automatically stayed for 30 days after its entry unless the court orders otherwise. *See, e.g.*, *Steel Workers Pension Tr. by Bosh v. Republic Steel*, No. CV 22-1198, 2023 WL 2245248, at *2 (W.D. Pa. Feb. 27, 2023) ("Because enforcement of the Amended Judgment is automatically stayed for 30 days under Rule 62(a), the stay remains in effect until March 2, 2023."); *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 CIV. 7916 RWS, 2000 WL 1449862, at *5 (S.D.N.Y. Sept. 29, 2000) (finding that an amended judgment

triggers Rule 62(a)'s automatic stay of execution). After 30 days, however, Rule 62(b) provides that Defendants must post a bond to continue the stay, or request the Court waive the bond. In other words, Rule 62 provides a date certain on which Defendants must post a bond to continue the stay.

Plaintiff further requests that the Court identify the specific amount Defendants must pay. (Docket # 172 at 2–3.) Defendants previously proposed a bond amount that included the $2 million judgment, attorney's fees and non-taxable costs, and taxable costs. (Docket # 166.) Plaintiff suggests that Defendants pay this amount, as well as interest running at 5.02% from the time judgment was entered. (Docket # 172 at 3.) Since the amended judgment was entered, Plaintiff has filed his own motion to alter judgment arguing that the original $2 million verdict be reinstated. (Docket # 170.) At this juncture, I find the Defendants' original bond suggestion, that includes the $2 million jury verdict along with attorney's fees and costs, provides a sufficient bond amount without the addition of interest.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge