UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH WALKER,

    Plaintiff,

    v.                                                    Case No. 20-CV-487

CITY OF MILWAUKEE, et al.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE AMENDED JUDGMENT, FOR RECONSIDERATION, AND TO LIFT THE STAY ON EXECUTION OF JUDGMENT

Following a week-long jury trial, on December 1, 2023, the jury returned a verdict in favor of the plaintiff, Joseph Walker, and against the defendants, Milwaukee Police Department ("MPD") Sergeant Tanya Boll and MPD Officers Balbir Mahay, Jeremy Gonzalez, Daniel Clifford, and Lisa Purcelli, on his excessive force and failure to intervene claims pursuant to 42 U.S.C. § 1983. (Docket # 123.) Walker was awarded $1 million in compensatory damages on each claim. (*Id.*) The jury determined, however, that Walker did not prove that punitive damages should be assessed as to either claim. (*Id.*) The jury found in favor of the City of Milwaukee on Walker's failure to train claim. (*Id.*)

Defendants subsequently moved for a new trial, to alter or amend the judgment, or for remittitur pursuant to Fed. R. Civ. P. 59. (Docket # 148.) I granted Defendants' motion to alter the judgment in part and reduced the judgment from $2 million to $1 million on the grounds that Walker's damages under the excessive force and failure to intervene claims

were duplicative. *See Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018) ("Federal common law prevents § 1983 plaintiffs from recovering twice for the same injury.").

Walker then filed his own motion to alter or amend the amended judgment under Fed. R. Civ. P. 59, as well as for reconsideration of the decision amending the judgment. (Docket # 170.) Walker argues the Court misapplied the double recovery rule. Alternatively, Walker argues that any potential issue with the jury awarding a double recovery came from how the jury was instructed and how the verdict form was drafted, and Defendants waived the argument by failing to object to either the verdict form or the jury instructions. (Docket # 171.) Defendants have not responded to Walker's motion. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Rather, Defendants filed a motion for extension of time to file an appeal. (Docket # 175.) Defendants' motion, however, is premature, as Walker's timely Rule 59 motion tolls the time for appeal. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986) ("A significant change in a judgment starts all time periods anew, whether the district court alters the judgment at the request of a party or on its own motion."). Thus, Defendants' motion is denied.

While I continue to hold that the double recovery rule applies to Walker's case, the correct procedure was to instruct the jury as to the issue. Because Defendants neither timely raised the issue nor objected to the jury instructions and verdict form, Walker's motion is granted in part. The amended judgment is amended to reinstate the $2 million verdict.

## LEGAL STANDARD

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

## ANALYSIS

As an initial matter, Walker spills much ink arguing that double recovery generally does not apply in § 1983 cases. He again argues that double recovery only comes into play when there is a prior settlement or admission of liability that prohibited Walker from recovering against the Defendants. (Docket # 171 at 6–8.) This is inaccurate. As one treatise on § 1983 claims states:

> Section 1983 claimants often assert multiple constitutional claims against multiple defendants. These cases present the danger of a plaintiff being awarded duplicate recovery for the same injury. Duplication can result from compensatory damages awards for separate claims that compensate the same injuries, as well as from awards that compensate for the same injuries against

3

> multiple defendants. Although the plaintiff is entitled to be made whole, the plaintiff is not entitled to be placed in a better condition than if the wrong had not been committed.

4 Martin A. Schwartz, Section 1983 Litigation: Jury Instructions, § 18.05 (2d ed. 2024 Supp. 2009). The Seventh Circuit agrees, finding that a plaintiff generally cannot recover twice for the same injury within the same lawsuit, "regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury." *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018); *see also Swanigan*, 881 F.3d at 582. I previously addressed and rejected Walker's arguments regarding the inapplicability of the double recovery rule in this case. (Docket # 167 at 9–11.) Walker has not shown the Court made a manifest error of law regarding the applicability of the double recovery rule.

While I disagree with Walker regarding the applicability of the double recovery rule in this case, Walker is correct that Defendants did not propose either a jury instruction or special verdict form to guard against the risk of duplicative recovery. (Docket # 77.) Defendants' proposed jury instructions consist of a list of titles of several Seventh Circuit pattern instructions. (*Id.*) There is no mention of the rule against double recovery. Nor did Defendants address this issue in their proposed special verdict form. In *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293 (7th Cir. 2010), the Seventh Circuit "offer[ed] some general guidance" on drafting verdict forms in § 1983 cases, stating that "[t]he form should not be structured in a way that would invite the jury to divide the damages for a single injury among defendants or theories of recovery." *Id*. at 312–13. But the verdict form in this case was structured in a way that invited the jury to divide the damages amongst theories of recovery, providing two separate lines to award compensatory damages for both Walker's

4

Case 2:20-cv-00487-NJ    Filed 10/11/24    Page 4 of 7    Document 179

excessive force and failure to intervene claims. (Docket # 123.) Defendants' proposed special verdict form similarly asks the jury to award damages as to each individual defendant for both excessive force and failure to intervene. (Docket # 77.) In fact, Defendants did not raise the issue of double recovery until months *after* trial. The first time Defendants raise this issue is in their Rule 59 motion filed in April 2024. (Docket # 148.) This issue should have been raised and addressed in the Defendants' proposed jury instructions, proposed special verdict form, and/or during the jury instructions and verdict form conference. It was not. Thus, Defendants' failure to object to either the jury instructions and/or the special verdict form constitutes a waiver. *See MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 659 (7th Cir. 2011); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1442 (7th Cir. 1996).

Furthermore, the manner in which the jury was instructed allowed for the possibility of awarding separate damages for excessive force and failure to intervene. The jury was instructed to determine the amount of money that would fairly compensate Walker for any injury "that you find he sustained and is reasonably certain to sustain in the future as a direct result of the Defendants' use of unreasonable force, failure to intervene, or failure to train," (Docket # 122 at 30), the jury was not further instructed that it is impermissible to award duplicative damages for the same injury. The above-cited treatise provides a sample instruction that could have been used:

> INSTRUCTION 18.05.1 Rule Against Double Recovery
>
> You should not award damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish damages for the same injury under both claims, you could not award her damages on both of those claims. The plaintiff is entitled to be made whole, but is not entitled

5

to recover more than she lost. Of course, if different injuries are attributed to
the separate claims, then you must compensate her fully for all of her injuries.

Schwartz, Section 1983 Litigation: Jury Instructions, § 18.05; *see also Bender v. City of New York*, 78 F.3d 787, 794 (2d Cir. 1996) ("A proper verdict form and jury charge would have focused the jury's attention on the extent to which the injuries resulting from the various torts alleged were separate, and the extent to which they were not. As to the latter, the jurors should have been instructed that they can award additional damages, beyond what they award for an overlapping tort, only to the extent that they find some aspect of injury that has not been already compensated for by the award of damages for the related tort."). Given the manner in which the jury was instructed and the form of the verdict, it is certainly plausible that the jury intended to award Walker $1 million as to each claim. Thus, Walker's motion is granted in part and the amended judgment will be amended to reflect the original $2 million damage award.

Finally, Walker requests the Court lift the automatic stay of execution of the previous amended judgment so that he can execute the judgment. (Docket # 177; Docket # 178.) While Fed. R. Civ. 62(a) provides for an automatic stay for 30 days (unless the court orders otherwise); Rule 62(b) allows for a continuation of the stay by posting a bond or other security. When Defendants failed to post bond after the 30 days elapsed, the stay expired. Walker need not move to lift the stay. However, given the Defendants' failure to pay the bond as well as Defendants' failure to respond to any of Walker's recent motions, Walker will be allowed to execute this newly amended judgment immediately after it is entered. *See* Fed. R. Civ. P. 62(a) ("[E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*.") (emphasis added).

6

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Alter Judgment (Docket # 170) is **GRANTED IN PART AND DENIED IN PART**. The judgment is amended to reflect compensatory damages in the total amount of $2 million.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to File Appeal (Docket # 175) is **DENIED**.

**FINALLY, IT IS ORDERED** that Plaintiff's motion to lift the stay (Docket # 177; Docket # 178) is **GRANTED**. Plaintiff is permitted to immediately execute the amended judgment.

Dated at Milwaukee, Wisconsin this 11th day of October, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge